**Shawn A. ORMBERG, Plaintiff–Appellant,**

v.

**Michael J. ASTRUE,\* Commissioner of Social Security, Defendant–Appellee.**

No. 06–35530.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 9, 2007 \*\*.

Filed Nov. 14, 2007.

\* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhardt as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Elie Halpern & Associates, PS, Olympia, WA, Victoria Blais Chhagan, Esq., Law Offices, Seattle, WA, for Plaintiff–Appellant.

Stephanie Martz, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, Brian C. Kipnis, Esq., Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: CANBY, GRABER, and GOULD, Circuit Judges.

## MEMORANDUM ***

Plaintiff Shawn Ormberg appeals the district court's order affirming a denial of disability benefits under the Social Security Act, 42 U.S.C. §§ 401–434. Reviewing the decision of the administrative law judge ("ALJ") for substantial evidence and legal error, *Reddick v. Chater,* 157 F.3d 715, 720 (9th Cir.1998), we affirm in part, reverse in part, and remand for further proceedings.

■ 1. The ALJ did not err in discrediting Plaintiff's testimony regarding the extent of her pain, because he explained his partial adverse credibility finding with "specific, clear and convincing reasons."

*Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir.1996). For instance, the ALJ's findings that Plaintiff's daily activities were inconsistent with her complaints and that she did not assert a good reason for her failure to follow treatment recommendations were supported by substantial evidence.

2. The ALJ properly considered the residual functional capacity ("RFC") specified by Drs. Regets and Peterson. The preliminary sections of the Mental Residual Functional Capacity form do not constitute the RFC assessment but merely a worksheet, with the actual assessment being the narrative at Section III of the form. The ALJ's findings were entirely consistent with the doctors' conclusions in this section of the form.

■ 3. The ALJ did not err in finding that Plaintiff's headaches were not severe at step two of the five-step sequential process. "An impairment ... may be found not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart,* 433 F.3d 683, 686 (9th Cir.2005) (internal quotation marks omitted). Although this step of the analysis is "a de minimis screening device to dispose of groundless claims," *Smolen,* 80 F.3d at 1290, the record demonstrates that for the year and a half before her hearing before the ALJ, Plaintiff did not report a single headache to a doctor. During this same time period, she had several extensive visits with her regular doctor, to whom she reported on a large number of other health issues.

■ 4. The ALJ did err, however, in finding that Plaintiff's sleep apnea was not severe at step two. The ALJ held that

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Plaintiff's "sleep apnea is controlled with the use of a CPAP machine and with the use of this machine, [Plaintiff] has no significant functional limitations as a result of" sleep apnea. The ALJ's conclusion is not supported by substantial evidence because the report on which the ALJ relied concluded that close follow-up was needed to assess the effectiveness of the CPAP machine. This error was not harmless because Plaintiff's sleep apnea imposed additional functional limitations not considered by the ALJ at the later steps of the process. *See Burch v. Barnhart*, 400 F.3d 676, 684 (9th Cir.2005) (explaining harmless error analysis in this context).

5. The ALJ did not err in characterizing Plaintiff's functional limitations when questioning the vocational expert. The ALJ's RFC finding that Plaintiff could perform "simple ... job tasks" did not mean that the ALJ considered her limited to only jobs involving level one reasoning under the *Dictionary of Occupational Titles*.

6. Finally, the ALJ incorrectly relied on two of the three jobs identified by the vocational expert. The electronics assembler job is clearly inconsistent with the ALJ's hypothetical, and the Commissioner does not dispute that conclusion. The small parts assembler job described by the vocational expert conflicted with the definition in the *Dictionary of Occupational Titles*, and the vocational expert did not explain the conflict. *See Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir.2007) (interpreting Social Security Ruling 00–4p, and holding that "the ALJ must first determine whether a conflict exists [and][i]f it does, the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the *Dictionary of Occupational Titles*"). This error was not harmless because the record does not provide any explanation for the conflict. *Id.* at 1154 n. 19.

Only the final assembler of eyewear job was properly identified by the vocational expert, and he testified that there are "about 800" of those jobs in the state. Because we are remanding to the ALJ on other grounds, we decline the Commissioner's invitation to hold as a matter of law that this one job with 800 positions statewide suffices to support the ALJ's finding of a "significant number" of jobs under 42 U.S.C. § 423(d)(2)(A). *Cf. Barker v. Sec'y of Health & Human Servs.*, 882 F.2d 1474, 1479 (9th Cir.1989) (upholding the ALJ's "significant number" determination when the vocational expert identified 1,266 valid local jobs).

AFFIRMED in part, REVERSED in part, and REMANDED to the district court for REMAND to the Social Security Administration for reconsideration. The parties shall bear their own costs on appeal.