Christopher L. MANES, Plaintiff—
Appellant,

v.

cation and is not precedent except as provid-

Michael J. ASTRUE,* Commissioner,
Social Security Administration,
Defendant—Appellee.

No. 06–35658.

United States Court of Appeals,
Ninth Circuit.

. Argued and Submitted Feb. 7, 2008.

Filed Feb. 19, 2008.

Joseph B. Lavin, Esq., Port Angeles, WA, for Plaintiff–Appellant.

Johanna Vanderlee, Esq., SSA–Social Security Administration, Office of the General Counsel, Brian C. Kipnis, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: FISHER, GOULD, and IKUTA, Circuit Judges.

### MEMORANDUM **

Appellant Christopher Manes ("Manes") appeals from the district court's summary judgment for the Commissioner of Social Security, denying Manes's application for social security disability benefits under Title II and Title XVI of the Social Security Act, 42 U.S.C. §§ 401–434. Manes argues that 250 jobs do not amount to "work which exists in significant numbers either in the region where such individual [the benefits claimant] lives or in several regions of the country" under 42 U.S.C. § 423(d)(2)(A), and that there was not substantial evidence to support the Administrative Law Judge's ("ALJ") conclusion that there were 250 jobs in Washington state that Manes could perform.

ed by 9th Cir. R. 36–3.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Manes alleges disability since 1993, resulting from serious injuries. Following a lengthy procedural process, a final hearing took place before an ALJ on January 14, 2004. The ALJ applied the five-step analysis from 20 C.F.R. § 404.1520. At step 4, the ALJ concluded that Manes did not retain the residual functional capacity ("RFC") to perform the requirements of his past relevant work. The ALJ determined Manes was limited to sedentary work with a sit-stand option that allows change of position every thirty-five minutes. Based on this RFC, the ALJ determined that Manes was not disabled under the fifth step because he had a capacity to perform work that exists in significant numbers in the national economy. Relying on the testimony of a vocational expert ("VE"), the ALJ found that there were at least 250 parking lot attendant jobs in Washington state that Manes could perform. At the hearing, the VE had opined that although the job of parking lot attendant was classified as a "light" job in the Dictionary of Occupational Titles ("DOT"), half of the 500 parking lot attendant positions in Washington state could be filled by someone at a sedentary level with a sit-stand option.[1] Accordingly, the ALJ concluded that Manes was not disabled, apart from a brief earlier period. The district court sustained the ALJ's findings, concluding that they were supported by substantial evidence, and affirmed the decision of the Commissioner of Social Security.

We review the district court's decisions de novo to determine whether substantial evidence supported the Commissioner's decision. 42 U.S.C. § 405(g); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir.2004).

We conclude that the VE's testimony does not provide substantial evidence of 250 jobs that Manes could perform. The VE considered how many of the 500 parking lot attendant positions she had identified—classified as "light" jobs—would be suitable for Manes, who has only "sedentary" capabilities with a sit-stand option. This was not an error per se, because the classification of a job as "light" or "sedentary" in the DOT establishes only a presumption of the job's requirements, which may be rebutted with "persuasive evidence." *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir.1995). However, the VE's explanation for her determination that the 500 jobs would be eroded to 250 jobs that included the sit-stand option—that the availability of the sit-stand option was "based on the size of the booth, or you know, policy of the employer, or whatever"—was not persuasive enough to overcome the presumption imposed by the DOT that the physical requirements of the parking lot attendant job are in excess of those for sedentary work. DOT 915.473-010. Therefore, the ALJ's determination that 250 jobs existed in Washington state that Manes could perform was in error.

In addition, the ALJ erred by not inquiring into the conflict between the DOT classification of the parking lot job as light work and the VE's conclusion that some parking lot attendant jobs could be filled by Manes, whom the ALJ determined was limited to sedentary work with a sit-stand option. Under Social Security Ruling 00-4p, *available at* 2000 WL 1898704 (S.S.A. 2000), the ALJ was required to inquire into any conflicts between the VE's testimony and the DOT classifications, and to obtain a "reasonable explanation" for the

---

1. "In some disability claims, the medical facts lead to an assessment of RFC which is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing." Social Security Ruling (SSR) 83-12, *available at* 1983 WL 31253, at \*4 (S.S.A.1983).

conflict. *Massachi v. Astrue,* 486 F.3d 1149, 1152–53 (9th Cir.2007). Where the ALJ fails to take these steps, we cannot determine whether substantial evidence supports the ALJ's step five findings. *Id.* at 1153–54. In this case, the ALJ did neither. Although the VE identified the conflict in her testimony, the ALJ did not inquire into the discrepancy nor receive a reasonable explanation for the conflict.

Accordingly, we **REVERSE** the decision of the district court and **REMAND** with instructions to remand for further consideration and testimony concerning the number of jobs that Manes could perform.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.