Randell L. BURTON, Plaintiff—
Appellant,

v.

Michael J. ASTRUE, Commissioner of
Social Security, Defendant—
Appellee.

No. 07–15999.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 11, 2008 *.

Filed Feb. 2, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Brewer & Associates, Sacramento, CA, for Plaintiff–Appellant.

USSAC—Office of the U.S. Attorney, Sacramento, CA, Nancy M. Lisewski, Esq., SSA—Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: COWEN,** THOMAS and PAEZ, Circuit Judges.

### MEMORANDUM ***

Randell Burton appeals the district court's order affirming the Commissioner of Social Security's decision to deny his claim for disability insurance benefits under Title II of the Social Security Act. We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. We review an order

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Burton also argues that the ALJ erred in failing to consider adequately Burton's obesity. Burton, however, does not specify how his obesity limits his functional capacity, or how it exacerbates his currently existing condition. Therefore, this argument does not

denying benefits de *novo*, applying the same standard as the district court. *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir.2007). The Commissioner's decision may only be set aside if it is not supported by substantial evidence or if it is based on legal error. *Id.* Burton makes four arguments for reversal. We conclude that the denial of benefits is supported by the evidence and is not the product of legal error. Therefore, we affirm.[1]

■ First, Burton argues that the Administrative Law Judge ("ALJ") erred at step three of the sequential evaluation process by failing to classify his impairments as meeting the requirements of § 3.03(B) in the Listing of Impairments. We disagree.

To meet the requirements of Listing 3.03(B), asthma with attacks, a claimant must present evidence of "prolonged symptomatic episodes lasting one or more days and requiring intensive treatment ... information documenting adherence to a prescribed regimen of treatment ... [and] spirometric results obtained between attacks that document the presence of baseline airflow obstruction." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 3.00(C). The evidence must also show that the attacks occurred, "in spite of prescribed treatment," at least "once every two months or ... six times a year." *Id.* at § 3.03(B).

provide a separate basis to challenge the ALJ's decision. We note, however, that the ALJ did consider Burton's obesity in his overall assessment that Burton was capable of sedentary work. Thus, the ALJ's consideration of Burton's obesity as one of many factors in the determination that Burton is capable of sedentary work was proper. *See Burch v. Barnhart*, 400 F.3d 676, 682–83 (9th Cir. 2005).

Although Burton claims that the record establishes that he suffered six attacks in a one year period, the medical evidence merely establishes a diagnosis of asthma. *See* 20 C.F.R. § 404.1525(d) ("Your impairment(s) cannot meet the criteria of a listing based only on a diagnosis."). It does not establish that he suffered multiple prolonged symptomatic episodes. Accordingly, the ALJ did not err in his failure to find that Burton's impairments met the requirements of § 3.03(B). His determination that Burton was not presumptively disabled under the Listing of Impairments is supported by substantial evidence.

Second, Burton argues that the ALJ erred by not giving proper weight to the opinion of his treating physician. *See* 20 C.F.R. § 404.1527(d)(2); *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir.2007) (An ALJ may not reject the opinion of a treating physician "without providing specific and legitimate reasons supported by substantial evidence in the record."). However, the ALJ gave due consideration to Burton's treating physician. The ALJ did not reject Burton's treating physician's opinion that Burton likely had occupational related chronic obstructive pulmonary disease ("COPD") on top of his asthma problem and that he should not return to his work as a roofer. Indeed, the ALJ agreed that Burton suffered from COPD and asthma and that he was unable to perform his past work. Burton's treating physician never opined, however, that Burton was disabled; in fact, Burton's treating physician specifically declined to assess Burton's functional limitations. No physician who examined Burton found him to be disabled or unable to engage in sedentary work activity. The ALJ did not improperly dismiss the opinions of Burton's treating physician.

■ Third, Burton argues that the ALJ erred by improperly failing to credit his subjective complaints of shortness of breath, pain, and fatigue. As in Burton's case, "where the record includes objective medical evidence establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which he complains, an adverse credibility finding must be based on clear and convincing reasons." *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1160 (9th Cir.2008). An ALJ's credibility findings are entitled to deference if they are supported by substantial evidence and are "sufficiently specific to allow a reviewing court to conclude [that] the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding [his subjective symptoms]." *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc).

The ALJ's rejection of Burton's subjective complaints is supported by substantial evidence. The ALJ provided clear and convincing reasons, supported by substantial evidence in the record, for not fully crediting Burton's testimony. Burton's own description of the daily chores and activities that he is capable of performing undermines his complaints of disabling pain and fatigue. The ALJ did not err in concluding that Burton's pain and fatigue did not prevent him from performing sedentary work.

■ Finally, Burton argues that the hypothetical situation proposed to the vocational expert by the ALJ failed to take into account all of Burton's limitations. Consequently, Burton asserts that the ALJ's conclusion at step five that he could perform other jobs was in error. *See Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir.1993) ("If a vocational expert's hypothetical does not reflect all the claimant's

limitations, then the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.") (internal quotation marks and citation omitted).

The hypothetical posed by the ALJ took into consideration all of Burton's occupational limitations. The ALJ instructed the vocational expert to assume a person with Burton's vocational characteristics, who has the residual functional capacity to perform a full range of sedentary work, but who is restricted to a well ventilated working environment that is free from fumes and dust. An ALJ "must only include those limitations supported by substantial evidence," *Robbins v. Soc. Sec. Admin.,* 466 F.3d 880, 886 (9th Cir.2006), and no other limitations on Burton's ability to work have been shown to exist. Burton has presented no medical basis for his need for daily naps, nor has he shown why he would not be able to use his nebulizer on regularly scheduled breaks. The ALJ's hypothetical was not legally inadequate and the vocational expert's response can be used as evidence to support the finding that Burton is not disabled.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.