**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

ESHAGH MASSACHI,
           *Plaintiff-Appellant,*

v.

MICHAEL J. ASTRUE, Commissioner
of the Social Security
Administration,
           *Defendant-Appellee.*

No. 05-55201

D.C. No.
CV-04-00044-VBK

OPINION

Appeal from the United States District Court
for the Central District of California
Victor B. Kenton, Magistrate Judge, Presiding

Argued and Submitted
March 9, 2007—Pasadena, California

Filed May 11, 2007

Before: Thomas G. Nelson, Susan P. Graber, and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge T.G. Nelson

## COUNSEL

Stephanie M. Simpson, Northridge, California, for the plaintiff-appellant.

Armand Roth, Assistant United States Attorney, and Eric K.H. Chinn, Special Assistant United States Attorney, San Francisco, California, for the defendant-appellee.

## OPINION

T.G. NELSON, Circuit Judge:

Eshagh Massachi appeals the district court's grant of summary judgment upholding the Commissioner of Social Security's denial of Supplemental Security Income ("SSI") benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part and vacate and remand in part.

We must decide for the first time whether, in light of the requirements of Social Security Ruling ("SSR") 00-4p, an administrative law judge ("ALJ") may rely on the testimony of a vocational expert regarding the requirements of a particular job without first inquiring whether that expert's testimony conflicts with the *Dictionary of Occupational Titles*. Consistent with other circuits that have considered this question, we hold that an ALJ may not.

## I. Background

Massachi filed for SSI disability benefits in 1996 based on depression and other problems. In the final step of the five-step inquiry to determine disability,[1] the ALJ found that Massachi was not disabled within the meaning of the Social Security Act because he could adjust to other work. The ALJ also assessed Massachi's residual functional capacity[2] and found that Massachi "often" suffered from deficiencies of concentration, persistence, or pace resulting in failure to complete tasks in a timely manner. The ALJ relied on the reports of two psychiatrists and the testimony of a vocational expert.

Both Marat Pushin, M.D., and Sohini Parikh, M.D., Massachi's psychiatrists, diagnosed Massachi with major depression. Both also found that Massachi's ability to understand, remember, and carry out simple one or two-step instructions was intact. Dr. Pushin found that Massachi's ability to understand, remember, and carry out extensive or complex instructions was impaired and that his ability to maintain concentration and attention throughout the interview was mildly impaired. Dr. Parikh noted that Massachi had a mild to moderate impairment in his ability to reason and to make social, occupational, and personal adjustments, but opined that he should be able to interact appropriately with peers. Dr. Parikh concluded that Massachi would not be able to respond appropriately to the usual work settings in such matters as attendance and would have a hard time adjusting to changes in the work routine because of his depression and poor concentration.

---

[1]To determine whether or not a claimant is disabled, the ALJ follows a five-step evaluation. *See* 20 C.F.R. § 416.920(a)(4). If the ALJ finds that a claimant is either disabled or not disabled at any step, the ALJ does not continue on to the next step. *Id.*; *see also Parra v. Astrue*, 481 F.3d 742, 746-47 (9th Cir. 2007) (discussing the five-step evaluation in detail).

[2]Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity. *See* 20 C.F.R. § 416.920(e).

Massachi sought review of the ALJ's decision and the district court remanded the case. It ordered the Appeals Council to instruct the ALJ to re-evaluate Massachi's residual functional capacity based on an accurate and complete summary of the findings of the two psychiatrists and to obtain additional vocational expert testimony regarding the re-evaluation. Accordingly, the Appeals Council vacated the ALJ's original decision.

Pursuant to the remand order, the ALJ re-examined Dr. Pushin's and Dr. Parikh's findings and reassessed Massachi's residual functional capacity. As part of the new residual functional capacity assessment, the ALJ changed the determination regarding deficiencies in concentration, persistence, and pace from "often" to "mild to moderate."

On remand, the vocational expert, Lynne Tracy, testified again. Consistent with the new residual functional capacity assessment, the ALJ asked Tracy a hypothetical question about whether an individual of Massachi's age and education who was limited to simple tasks because of "mild to moderate impairment in his ability to reason, concentrate, make social adjustments and personal adjustments" would be able to perform Massachi's past work in metallurgy. Tracy responded that he would not, but that someone fitting such a description could perform entry-level work such as janitorial or cleaning jobs. Moreover, such work was available in the relevant locality (the greater Los Angeles area). When Massachi's attorney added to the hypothetical that the individual "often suffered from deficiencies of concentration, persistence and pace," Tracy testified that the individual would be incapable of working, even if "often" only meant up to one-third of the day. The ALJ did not ask Tracy whether her testimony was consistent with the *Dictionary of Occupational Titles*.

At step five of the analysis, relying on Tracy's new testimony, the ALJ again found that Massachi was capable of performing other work. Thus, the ALJ again found that Massachi

was not disabled. Massachi filed a second action in district court, and the district court entered an order granting summary judgment to the Commissioner. On appeal, Massachi contends: 1) that the ALJ erred by relying on the vocational expert's testimony; 2) that the ALJ's residual functional capacity assessment was not supported by substantial evidence; 3) that the ALJ's finding at step three of the analysis was not supported by substantial evidence; and 4) that the ALJ was not impartial.

## II. Standard of Review

This court reviews de novo a district court's order affirming an ALJ's decision to deny benefits.[3] However, the scope of our review is limited. We may set aside a denial of benefits only "if it is not supported by substantial evidence or if it is based on legal error."[4] "Where the evidence as a whole can support either" a grant or a denial, "we may not substitute our judgment for the ALJ's."[5]

## III. Discussion

### A. The ALJ's reliance on the vocational expert's testimony

For the first time, we address the question whether, in light of the requirements of SSR 00-4p,[6] an ALJ may rely on a

---

[3]*Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

[4]*Flaten v. Sec. of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

[5]*Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

[6]Social Security Ruling 00-4p, *available at* 2000 WL 1898704. "[Social Security Rulings] reflect the official interpretation of the [Social Security Administration] and are entitled to 'some deference' as long as they are consistent with the Social Security Act and regulations." *Avenetti v. Barnhart*, 456 F.3d 1122, 1124 (9th Cir. 2006) (quoting *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 n.2 (9th Cir. 2005)).

vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the *Dictionary of Occupational Titles*. We hold than an ALJ may not. In so holding, we join the Third, Seventh, and Tenth Circuits.[7] We also follow our own precedent.

**[1]** SSR 00-4p unambiguously provides that "[w]hen a [vocational expert] . . . provides evidence about the requirements of a job or occupation, the adjudicator has *an affirmative responsibility* to ask about any possible conflict between that [vocational expert] . . . evidence and information provided in the [*Dictionary of Occupational Titles*]."[8] SSR 00-4p further provides that the adjudicator "*will* ask" the vocational expert "if the evidence he or she has provided" is consistent with the *Dictionary of Occupational Titles* and obtain a reasonable explanation for any apparent conflict.[9]

**[2]** Our holding in *Johnson v. Shalala*[10] is consistent with these requirements. In *Johnson*, which predated SSR 00-4p, we held that "an ALJ may rely on expert testimony which contradicts the [*Dictionary of Occupational Titles*], but only insofar as the record contains persuasive evidence to support the deviation."[11] The district court in *Johnson* was aware that the vocational expert's testimony deviated from the *Dictionary of Occupational Titles*, but justifiably relied on the expert's testimony because the expert gave "persuasive testi-

---

[7]*See Rutherford v. Barnhart*, 399 F.3d 546 (3d Cir. 2005); *Prochaska v. Barnhart*, 454 F.3d 731 (7th Cir. 2006); *Hackett v. Barnhart*, 395 F.3d 1168 (10th Cir. 2005).

[8]SSR 00-4p at *4 (emphasis added). The Social Security Administration has taken administrative notice of the *Dictionary of Occupational Titles*, which is published by the Department of Labor and gives detailed physical requirements for a variety of jobs. *See* 20 C.F.R. § 416.966(d)(1); *Prochaska*, 454 F.3d at 735 n.1.

[9]SSR 00-4p at *4 (emphasis added).

[10]60 F.3d 1428, 1435 (9th Cir. 1995).

[11]*Id.*

mony of available job categories in the local rather than the national market, and testimony matching the specific requirements of a designated occupation with the specific abilities and limitations of the claimant."[12] As a result, the vocational expert's testimony left no "unresolved potential inconsistenc-[ies] in the evidence."[13] SSR 00-4p simply goes one step further, explicitly requiring that the ALJ determine whether the expert's testimony deviates from the *Dictionary of Occupational Titles* and whether there is a reasonable explanation for any deviation.

[3] The procedural requirements of SSR 00-4p ensure that the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the *Dictionary of Occupational Titles*. In making disability determinations, the Social Security Administration relies primarily on the *Dictionary of Occupational Titles* for "information about the requirements of work in the national economy."[14] The Social Security Administration also uses testimony from vocational experts to obtain occupational evidence.[15] Although evidence provided by a vocational expert "generally should be consistent" with the *Dictionary of Occupational Titles*, "[n]either the [*Dictionary of Occupational Titles*] nor the [vocational expert] . . . evidence automatically 'trumps' when there is a conflict."[16] Thus, the ALJ must first determine whether a conflict exists. If it does, the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the *Dictionary of Occupational Titles*.[17]

---

[12]*Id.*

[13]*Prochaska*, 454 F.3d at 736.

[14]SSR 00-4p at *2.

[15]*Id.*

[16]*Id.*

[17]*Id.* SSR 00-4p gives examples of several reasonable explanations for deviating from the *Dictionary*. Among them are that the *Dictionary* does

**[4]** Here, the ALJ did not ask the vocational expert whether her testimony conflicted with the *Dictionary of Occupational Titles*[18] and, if so, whether there was a reasonable explanation for the conflict.[19] Thus, we cannot determine whether the ALJ properly relied on her testimony.[20] As a result, we cannot determine whether substantial evidence supports the ALJ's step-five finding that Massachi could perform other work. Accordingly, we vacate in part the district court's summary judgment upholding the Commissioner's decision and instruct the district court to remand this case so that the ALJ can perform the appropriate inquiries under SSR 00-4p.

## B.    The ALJ's residual functional capacity finding

**[5]** Massachi also argues that the ALJ was not free on remand to change the residual functional capacity finding and that the ALJ's new finding was error. He is incorrect. Pursuant to the district court's order, the Appeals Council vacated the ALJ's original decision and specifically instructed the ALJ to reassess Massachi's residual functional capacity.

---

not provide information about *all* occupations, information about a particular job not listed in the *Dictionary* may be available elsewhere, and the general descriptions in the *Dictionary* may not apply to specific situations. *Id.* at **2-3.

[18]Although the vocational expert was not providing evidence about the "requirements of a job" by saying that Massachi was qualified for certain jobs in response to the ALJ's hypothetical question, she was indirectly providing such evidence. *See* SSR 00-4p at *4 (stating that an ALJ must inquire whether a vocational expert's testimony regarding "the requirements of a job or occupation" conflicts with the *Dictionary of Occupational Titles*).

[19]This procedural error could have been harmless, were there no conflict, or if the vocational expert had provided sufficient support for her conclusion so as to justify any potential conflicts, as in *Johnson*. Instead, we have an apparent conflict with no basis for the vocational expert's deviation.

[20]*See Prochaska*, 454 F.3d at 736 (holding that an ALJ's failure to make the relevant inquiries under SSR 00-4p leaves "unresolved potential inconsistenc[ies] in the evidence").

Thus, on remand, the ALJ's original finding no longer existed.[21] Moreover, substantial evidence supported the ALJ's new finding that Massachi suffered from "mild to moderate" deficiencies.

[6] Even if we assume that Dr. Parikh's report did not support the ALJ's new finding, the ALJ was free to credit Dr. Pushin's report over Dr. Parikh's report.[22] Dr. Pushin's report clearly indicates that deficiencies in Massachi's concentration and overall functioning were mild. Therefore, we hold that substantial evidence supports the ALJ's finding that Massachi suffered from "mild to moderate" deficiencies in concentration, persistence, or pace.

## C. The ALJ's Step-Three Finding

For the first time on appeal, Massachi argues that the ALJ erred in step three of his disability determination by not finding that Massachi had an impairment that met or equaled the criteria of a statutorily listed impairment. We decline to consider this issue.[23] At the district court level, Massachi raised only problems with the fifth step of the ALJ's analysis, not with the third step. Further, Massachi points to no evidence in the record sufficient to prove this claim.

---

[21]BLACK'S LAW DICTIONARY 1584 (8th ed. 2004) (defining "vacate" as "to nullify or cancel; to make void").

[22]See Key, 754 F.2d at 1549 (noting that when the evidence can support either outcome, we may not substitute our judgment for the ALJ's).

[23]See Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992). Because the record does not support Massachi's claim that the ALJ erred in step three, our failure to consider this new issue will not result in a "manifest injustice." See Meanel v. Apfel, 172 F.3d 1111, 1115 (9th Cir. 1999) (holding that this court will address an issue not raised by the claimant below only if the failure to do so would result in a "manifest injustice").

## D.   The ALJ's Impartiality

Massachi also contends for the first time on appeal that the ALJ was not an impartial adjudicator. He points to no evidence in the record sufficient to prove this claim, either. Accordingly, we decline to consider it.[24]

## IV.   Conclusion

Substantial evidence does not support the ALJ's step-five inquiry. We remand this case in part so that the ALJ can apply SSR 00-4p's requirements and determine: 1) whether the jobs identified by the vocational expert are consistent with the definitions in the *Dictionary of Occupational Titles* and Massachi's limitations; and 2) whether there is a reasonable explanation for any inconsistencies between the vocational expert's testimony and the *Dictionary of Occupational Titles*.

Substantial evidence supported the ALJ's finding that Massachi's deficiencies in concentration, persistence, or pace were "mild to moderate." We decline to address Massachi's other arguments because he did not raise them below.

Accordingly, we AFFIRM in part and VACATE and REMAND in part to the district court with instructions to remand to the Social Security Administration for further administrative proceedings consistent with this opinion. Costs on appeal are awarded to Appellant.

---

[24]*See Meanel*, 172 F.3d at 1115.