Steven R. McGUFFEY, Plaintiff–
Appellant,

v.

Michael J. ASTRUE,* Commissioner of
Social Security Administration,
Defendant–Appellee.

No. 05–35975.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2007 **.

Filed Aug. 30, 2007.

D. James Tree, Esq., Yakima, WA, for Plaintiff–Appellant.

Pamela J. Derusha, Esq., USSP–Office of the U.S. Attorney, Spokane, WA, Stephanie Martz, Esq., SSA–Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne B. Barnhart as Commissioner of the Social Security Administration. Fed. R. App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: HAWKINS and WARDLAW, Circuit Judges, and POLLAK,*** District Judge.

## MEMORANDUM ****

Steven R. McGuffey sought judicial review in the district court of the Commissioner's final decision denying his application for disability insurance under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–33, and supplemental social security income ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The district court granted the Commissioner's motion for summary judgment, and McGuffey appeals.[1] McGuffey claims that the Commissioner's determination—in the form of a decision by an Administrative Law Judge ("ALJ")—was both legally erroneous and not supported by substantial evidence because the ALJ failed to conduct a proper step-four analysis.[2] We agree and reverse and remand.

At step four in the sequential disability evaluation process, "claimants have the burden of showing that they can no longer perform their past relevant work."[3] *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir.2001). "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion." *Id.* Under Social Security Ruling 82–62,[4] a determination "that an individual has the capacity to perform a past relevant job ... must contain among the findings the following specific findings of fact":

1. A finding of fact as to the individual's RFC ["residual functional capacity"].
2. A finding of fact as to the physical and mental demands of the past job/occupation.
3. A finding of fact that the individual's RFC would permit a return to his or her past job or occupation.

Soc. Sec. Ruling 82–62, 1982 WL 31386, at *4. Further, "for a claim involving a mental/emotional impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety ... in order to determine if the claimant's mental impairment is compatible with the performance of such work." *Id.* at *3.

Relevant evidence which must be carefully considered in making this determination includes the following:

(1) the [claimant's] statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements;

---

*** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court had jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3); we have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's order affirming the Commissioner's denial of benefits. *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir.2007). The district court is required to affirm the Commissioner's decision if that decision is free of legal error and supported by substantial evidence. *Id.*

2. *See generally Stout v. Comm'r*, 454 F.3d 1050, 1052 (9th Cir.2006) (five-step sequential evaluation process for determining disability) (citing 20 C.F.R. §§ 404.1520, 416.920).

3. "Past relevant work is work that [the claimant has] done within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." 20 C.F.R. § 404.1560(b)(1).

4. "Social Security Rulings are final opinions and statements of policy by the Commissioner ..., binding on all components of the Social Security Administration." *Gamble v. Chater*, 68 F.3d 319, 321 n. 1 (9th Cir.1995).

(2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and

(3) in some cases, supplementary or corroborative information from other sources such as employers, the *Dictionary of Occupational Titles*, etc., on the requirements of the work as generally performed in the economy.

*Id.* The ALJ also must make "every effort ... to secure evidence that resolves the issue as clearly and explicitly as circumstances permit." *Id.*

Here, the ALJ made findings that McGuffey had severe impairments including "borderline intellectual functioning, depression, anxiety, [and] decreased hearing," and that McGuffey "retains the residual functional capacity for work at all exertional levels, and is limited to simple repetitive work not involving close frequent interaction with others." However, the ALJ failed to make the necessary findings regarding the mental and physical demands of McGuffey's past work as a beef skinner or motel housekeeper, or to consider with sufficient care "the interaction of the limiting effects of [McGuffey's] impairments(s) and the physical and mental demands of his [past relevant work] to determine whether [he] can still do that work." Soc. Sec. Ruling 82–62, 1982 WL 31386, at *2.

First, there is no evidence in the record demonstrating that work as a beef skinner is simple and repetitive, nor is there evidence that work as a beef skinner does not call for substantial interaction with others. Although the ALJ noted that McGuffey performed the job of beef skinner for three years—a period which ended more than ten years before the hearing—this fact is not sufficient to support the ALJ's conclusion that McGuffey's RFC would allow him to return to that occupation.

Moreover, because McGuffey has mental impairments, the ALJ should have "obtain[ed] a precise description of the particular job duties which are likely to produce tension and anxiety." *Id.* at *3. We note that the ALJ's observation that McGuffey left his work as a beef skinner "out of distaste for it" is only partially supported by the record. The psychological evaluation cited for this proposition records McGuffey's statement that he left beef-skinning "because the blood and stuff got to [him], [he] just couldn't do it any more ... [he was] too stressed." Viewed in full, this statement provides colorable support to a claim that McGuffey's mental impairments, depression, and anxiety might not permit him to return to work as a beef skinner. On remand, the ALJ must address this relevant evidence as it pertains to "job duties ... likely to produce tension and anxiety." In order to obtain an adequate evidentiary basis for a finding as to the physical and mental demands of McGuffey's past work, the ALJ may also choose to consult the *Dictionary of Occupational Titles* or to seek help from a vocational expert.

We note that, although he seemed to focus on the beef skinner position, the ALJ also found that McGuffey could return to his past work as a motel housekeeper and referred to several of McGuffey's other past jobs. However, the ALJ similarly failed to make any findings as to the demands of any of these past jobs, or whether McGuffey's RFC would allow him to return to such work. Our general comments as to the required analysis on remand in regard to the beef skinner position apply equally to McGuffey's other past work.[5]

---

5. However, as to McGuffey's occasional maintenance work in his mother's beauty parlor, there was not substantial evidence to ground a finding that this work was "substantial gain-

In sum, the ALJ failed to support his step-four analysis with substantial evidence and erred by not making all of the factual findings required by Social Security Ruling 82–62.[6] *See Pinto,* 249 F.3d at 847. We reverse the district court's order and remand with directions to vacate the ALJ's decision and further remand to the agency for reevaluation of McGuffey's claim. On remand, before determining whether McGuffey has established that he can no longer perform a particular past job, the ALJ must make factual findings as to (1) the mental and physical requirements of the job, including a precise description of the particular job duties which could produce tension and anxiety, and (2) whether McGuffey can perform those duties, given his physical and mental impairments reflected in his RFC.

**REVERSED and REMANDED.**

ful activity," and, therefore, this work could not constitute "past relevant work" for purposes of the five-step analysis. *See supra* note 2.

**6.** Because the ALJ's deficient step-four analysis requires reversal and remand, we decline to address McGuffey's other assertions of error.

