**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANITA F. RUSHING,

      Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
the Social Security Administration,

      Defendant - Appellee.

No. 08-36001

D.C. No. 3:07-cv-01124-PK

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Argued and Submitted December 10, 2009
Portland, Oregon

Before: FARRIS, D.W. NELSON, and BERZON, Circuit Judges.

Anita F. Rushing appeals the district court's order affirming the

Commissioner's decision denying Rushing Social Security Disability insurance

benefits. Because the Administrative Law Judge's ("ALJ") decision to discredit

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

certain evidence presented by Rushing is supported by substantial evidence and because the ALJ committed only harmless error at step five, we affirm.

"[W]e review de novo the district court's order upholding a decision of the Commissioner denying benefits to an applicant. The Commissioner's decision must be affirmed by us if supported by substantial evidence, and if the Commissioner applied the correct legal standards." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (internal citations omitted).

We first hold that the ALJ's decision to discredit certain testimony and statements is supported by substantial evidence. The ALJ's decision to discredit portions of Dr. Weeks's 2003 Medical Source Statement is supported by the specific, legitimate reason that the Statement is inconsistent with medical opinions made closer in time to Rushing's last date insured by specialists Dr. Mays and Dr. Hubbard and by Dr. Weeks's herself. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). The ALJ's decision to discredit portions of Rushing's testimony and statements is supported by substantial evidence in the record because Rushing's self-reported limitations contradict Rushing's mother's January 2001 report. Also, the medical opinions offered by her doctors are inconsistent with Rushing's testimony regarding her inability to engage in ordinary physical activity, such as walking, without discomfort. Finally, the ALJ's decision to discredit portions of Rushing's husband's

2

2003 testimony is supported by substantial evidence in the record because Mr.

Rushing testified primarily as to Rushing's capabilities after her last date insured and

because Mr. Rushing's testimony contradicted various medical evidence and

Rushing's mother's report.

Second, we hold that the ALJ's errors at step five were harmless. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Though the ALJ erred when crafting hypothetical questions for the vocational expert, that error was harmless because the vocational expert testified that Rushing can perform the job of surveillance-system monitor. The Commissioner properly took administrative notice that this occupation does not require frequent use of the hands or wrists. *See* 20 C.F.R. § 404.1566(d); SELECTED CHARACTERISTICS OF OCCUPATIONS DEFINED IN THE REVISED DICTIONARY OF OCCUPATIONAL TITLES 04.02.03. We also hold that surveillance-system monitor jobs exist in significant numbers in the national economy. *See Moncada v. Chater*, 60 F.3d 521, 524 (9th Cir. 1995); *Barker v. Sec. of Health & Human Servs.*, 882 F.2d 1474, 1478-79 (9th Cir. 1989); *Meissl v. Barnhart*, 403 F. Supp. 2d 981, 982 n.1 (C.D. Cal. 2005). The ALJ's failure to ask the vocational expert whether his testimony was consistent with the DICTIONARY OF OCCUPATIONAL TITLES was likewise harmless because Rushing does not allege that the vocational expert's testimony was actually inconsistent with the

3

DICTIONARY OF OCCUPATIONAL TITLES. *See Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007).

**AFFIRMED.**