**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM L. COLE,

              Plaintiff - Appellant,

  v.

MICHAEL J. ASTRUE, Commissioner of
Social Security,

              Defendant - Appellee.

No. 09-36082

D.C. No. 3:08-cv-05689-BHS

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted September 2, 2010[**]
Seattle, Washington

Before: HAWKINS, McKEOWN and BEA, Circuit Judges.

    William Cole appeals the district court's order affirming the Commissioner

of Social Security's denial of his 2006 application for social security disability

benefits. Cole claims that he has been disabled as of January 1, 2005, due to

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

diabetes, high blood pressure, and a back condition. The Commissioner rejected Cole's application, concluding Cole retained a residual functional capacity (RFC) that allowed him to perform some jobs available in significant numbers in the national economy. We have jurisdiction under 28 U.S.C. § 1291, and review the district court's order de novo "to ensure that the [Commissioner's] decision was supported by substantial evidence and a correct application of the law." Valentine v. Comm'r, 574 F.3d 685, 690 (9th Cir. 2009) (internal quotation marks omitted). We affirm. As the parties are familiar with the facts, we will not repeat them here.

Cole offers several objections related to the treatment of the medical and medical-related evidence. Although Cole urges the panel to adopt a different standard, the established standard for evaluating an ALJ's treatment of an "other source" opinion, such as those from the physician's assistant and the physical therapist, is whether the ALJ provided "germane" reasons for discounting that opinion. Valentine, 574 F.3d at 694; Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993); see also Jamerson v. Chater, 112 F.3d 1064, 1067 (9th Cir. 1997).

The ALJ offered germane reasons—including the limited interaction the sources had with Cole and the apparent temporal nature of the physical therapist's evaluation—to disagree regarding the severity of Cole's limitations. Although the ALJ did not address the fact that a doctor co-signed two of the three evaluations

2

from the physician's assistant, Cole does not meet his burden of demonstrating that the error was not harmless. See Shinseki v. Sanders, 129 S.Ct. 1696, 1706 (2009). Any error based on that oversight was indeed harmless, as the ALJ identified substantial evidence to support his findings regarding Cole's RFC. See Carmickle v. Comm'r, 533 F.3d 1155, 1162 (9th Cir. 2008).

Cole objected that the ALJ did not consider certain pieces of medical evidence. The ALJ is charged with the duty to weigh all of the evidence in the record to reach an RFC assessment, Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), but is not required to discuss each piece of evidence. The ALJ noted that Cole's medical records confirmed Cole's painful back condition, but did not provide evidence demonstrating the severely incapacitating level Cole described. The ALJ identified substantial evidence to support his conclusion that Cole retained the RFC to perform a limited range of "light" work. Further, the additional evidence (x-ray and treatment note) that Cole argues the ALJ should have discussed does not appear to add materially to the evidence the ALJ mentioned. The ALJ did not err by improperly considering the medical and medical-related evidence.

Cole also protests that the ALJ improperly handled Cole's subjective pain testimony and the lay evidence provided by two of his friends. In discounting

3

Cole's symptom testimony, the ALJ provided several specific, clear and convincing reasons, as required. See Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996). The ALJ highlighted that (1) Cole undertook activities that did not comport with his supposed pain level; (2) Cole relied on only medical marijuana to treat his symptoms; (3) the medical evidence did not support Cole's reported level of symptoms; and (4) Cole revealed to the psychological evaluator that he might have other motivations for seeking disability payments.

The ALJ was required to provide "germane reasons" for not crediting the friends' lay evidence. See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). The ALJ specifically addressed the evidence from each friend, giving examples to support his findings that the evidence lacked the specificity or accuracy to be afforded great weight. The ALJ is charged with assessing credibility, Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995), and did not err by limiting the weight given to the lay testimony.

Finally, Cole argues that the ALJ erred in finding that jobs Cole could perform existed in the national economy in significant numbers. The ALJ was not required to consider the vocational expert's testimony based on a hypothetical Cole created. See Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001). Cole highlights, correctly, that there was a discrepancy between the vocational

4

expert's testimony and the Dictionary of Occupational Titles, and that the ALJ did not take the required steps of identifying and resolving this inconsistency. See Masachi v. Astrue, 486 F.3d 1149, 1153-54 (9th Cir. 2007). The Commissioner concedes the error, but Cole does not meet his burden of demonstrating the error was not harmless. See Shinseki, 129 S.Ct. at 1706.

There was sufficient remaining evidence in the record to support the conclusion that significant numbers of jobs existed that Cole could perform. See Masachi, 486 F.3d at 1154 n.19. Unchallenged evidence in the record showed Cole could perform work as a table worker. Additionally, the expert testified that significant numbers of "sit/stand option" cashier and small products assembler jobs existed that Cole could perform. The expert's testimony showed there were over 25,000 jobs in Washington state in these three categories combined. Any error was therefore rendered harmless. See e.g., Barker v. Sec'y of Health & Human Servs., 882 F.2d 1474, 1478-79 (9th Cir. 1989) (affirming finding of availability of significant number of jobs petitioner could perform where 1266 jobs were identified in the local area).

**AFFIRMED.**