FILED

NOT FOR PUBLICATION

MAR 24 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CYNTHIA D. COLEMAN, | No. 10-35286 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-00080-RSL |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert S. Lasnik, Chief District Judge, Presiding

Argued and Submitted March 9, 2011
Seattle, Washington

Before: McKEOWN, FISHER, and GOULD, Circuit Judges.

Cynthia Coleman seeks disability insurance benefits from the Commissioner

of Social Security ("Commissioner"). The administrative law judge ("ALJ")

determined that Coleman has the residual functional capacity to perform sedentary

or light work, so long as she can switch between sitting, standing, and walking at

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

least briefly every hour. Based on testimony provided by a vocational expert ("VE") that Coleman could perform three specified occupations, the ALJ then held that Coleman could perform work that exists in significant numbers in the economy. He therefore denied benefits.

Coleman filed suit in district court, contending that the ALJ erred in two ways. First, Coleman faulted the ALJ for disbelieving her testimony of severe pain on the grounds that her fibromyalgia did not result in certain physical symptoms and that Coleman failed to lose weight as treatment for her obesity. Second, Coleman argued that the ALJ violated Social Security Ruling ("SSR") 00-4p by failing to ask the VE whether the VE's testimony conflicted with the Dictionary of Occupational Titles ("DOT"). The district court held that any errors committed by the ALJ were harmless.

1. The ALJ relied on the absence of objective physical symptoms of severe pain as a basis for disbelieving Coleman's testimony regarding her symptoms. He erred insofar as Coleman's pain is related to her fibromyalgia, which is a "disease that eludes [objective] measurement." Benecke v. Barnhart, 379 F.3d 587, 594 (9th Cir. 2004) (internal quotation marks omitted). He also erred by holding, in the middle of a discussion of Coleman's obesity, that her "failure to lose weight reflects on her credibility." See Orn v. Astrue, 495 F.3d

2

625, 638 (9th Cir. 2007) ("[T]he failure to follow treatment for obesity tells us little or nothing about a claimant's credibility.").

Although we find these errors troubling, we conclude that they were harmless. "[T]here remains substantial evidence supporting the ALJ's conclusions on credibility," Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008) (internal quotation marks and alteration omitted), including Coleman's failure to follow repeated medical recommendations that she treat her pain with exercise and increased activity levels, see, e.g., Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989). The ALJ's errors therefore "do[] not negate the validity of [his] ultimate credibility conclusion" or his resulting determination of Coleman's residual functional capacity. Carmickle, 533 F.3d at 1162 (internal quotation marks and alteration omitted).

2. As the Commissioner concedes, the ALJ further erred by failing to ask the VE if the VE's testimony conflicted with the DOT. See Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007). This error would be harmless if no conflict existed or if the VE "provided sufficient support for [his] conclusion so as to justify any potential conflicts." Id. at 1154 n.19.

As in Massachi, however, we are faced with "an apparent conflict" and an insufficient "basis for the [VE's] deviation." Id. Under the DOT's definitions,

3

sedentary work "involves sitting most of the time," and the relevant type of light work "requires walking or standing to a significant degree." Dictionary of Occupational Titles App. C (4th ed. 1991). Many occupations involving these requirements could not accommodate Coleman's need to switch between sitting, standing, and walking on an hourly basis. The VE nevertheless testified that Coleman could perform certain sedentary and light occupations, creating an apparent conflict with the DOT.[1]

The VE's explanations for this testimony were brief and, so far as the record reveals, involved uninformed guesswork about the nature of the specified occupations. Such speculative explanations are insufficient to reconcile the conflict. See, e.g., Tommasetti v. Astrue, 533 F.3d 1035, 1042 (9th Cir. 2008) (holding that "brief and indefinite testimony" is not "persuasive evidence" explaining a conflict). Accordingly, we reverse the district court's holding that the ALJ's violation of SSR 00-4p constituted harmless error. We remand to the district court with instructions to remand to the Commissioner so that the ALJ may hear further testimony from the VE and comply with SSR 00-4p.

---

[1] Similarly, the ALJ's conclusion that Coleman can perform her prior occupation of administrative clerk conflicts with the DOT's classification of that occupation as light. The ALJ "must definitively explain this" conflict, but failed to do so. Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Each party to bear its own costs on appeal.