
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| CATHRINE A. BORDBAR, | No. 11-55374 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-02095-VBK |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Victor B. Kenton, Magistrate Judge, Presiding

Argued and Submitted July 12, 2012
Pasadena, California

Before: GILMAN,** TALLMAN, and N.R. SMITH, Circuit Judges.

Cathrine Bordbar appeals the lower court's judgment affirming the decision

of the Commissioner of the Social Security Administration that she was not

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Ronald Lee Gilman, Senior United States Circuit
Judge for the Sixth Circuit, sitting by designation.

disabled within the meaning of the Social Security Act and thus was not entitled to disability benefits. We have jurisdiction, 28 U.S.C. § 1291, and we affirm.

Bordbar asserts that the Administrative Law Judge (ALJ) improperly relied upon testimony from a vocational expert (VE) that conflicted with the Dictionary of Occupational Titles (DOT). In a hypothetical question posed to the VE, the ALJ described someone limited to "one to two-step simple instruction kinds of jobs," which parallels the language used to describe jobs at Reasoning Level One on the Scale of General Education Development set forth in the DOT, a standard reference for such questions. By using similar language, Bordbar argues that the ALJ intended to limit her to jobs at Reasoning Level One and that the VE improperly ignored this limitation when she testified that someone with such a limitation could perform jobs at Reasoning Levels Two or Three.

We need not determine whether the VE's testimony conflicted with the limitations posed by the ALJ because any error was harmless. *See Massachi v. Astrue*, 486 F.3d 1149, 1154 n.19 (9th Cir. 2007). We have no doubt, based on the record, that Bordbar could perform jobs at Reasoning Level Two. Both the consultative examiner and the State Agency medical consultant opined that Bordbar could perform detailed instructions, and the ALJ found those opinions to be "reasonable." Indeed, Bordbar conceded during the administrative proceedings

2

that her ability to follow written and spoken instructions was "good," and, even now, she does not argue that she is incapable of performing jobs at Reasoning Level Two.   Thus, the ALJ properly relied on the VE's testimony about jobs at Reasoning Level Two in concluding that Borbar was not disabled.

We also reject Bordbar's challenge to the application of the Medical-Vocational Guidelines (the so-called "Grids") to her claim because the argument is inadequately developed and lacks sufficient support.

**AFFIRMED**.