**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

NOV 01 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS FLORES,

　　　　　Plaintiff - Appellant,

　　v.

CAROLYN W. COLVIN ,****
Commissioner Social Security,

　　　　　Defendant - Appellee.

No. 11-17786

D.C. No. 4:10-cv-04101-DMR

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
Donna M. Ryu, Magistrate Judge, Presiding

Submitted October 16, 2013**
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and BENNETT, District
Judge.***

---

　　*　　This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

　　**　　The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

　　***　　The Honorable Mark W. Bennett, District Judge for the U.S. District
Court for the Northern District of Iowa, sitting by designation.

　　****　　Carolyn W. Colvin is substituted for her predecessor, Michael J.
Astrue, as Commissioner of Social Security.  Fed R. App. P. 43(c)(2).

Plaintiff-Appellant Luis Flores appeals from the district court's judgment affirming the Commissioner of Social Security's denial of his application for Social Security disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 40 and 1381 *et seq.* Flores contends the ALJ erred in: (1) failing to properly credit the opinions of his treating physicians; (2) failing to properly evaluate his testimony concerning his functional limitations and pain and his English ability; (3) failing to credit the testimony of the vocational expert ("VE") in response to hypothetical questions that Flores contends accurately reflected his functional limitations; and (4) basing his finding at step five of the sequential evaluation process on testimony of the VE, that was inconsistent with the Dictionary of Occupational Titles ("DOT"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's decision upholding the denial of benefits. *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). We must affirm the denial of benefits unless it is based on legal error or the findings of fact are not supported by substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

**1.** The ALJ gave "specific and legitimate reasons supported by substantial evidence" for rejecting a portion of the opinions of Drs. Davis and

Hearst, two of Flores's treating physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal citation omitted); *see also Widmark v. Barnhart*, 454 F.3d 1063, 1066–67 (9th Cir. 2006) (holding that the "specific and legitimate" standard applies where there is a conflict between the opinions of an examining physician and a reviewing physician). The ALJ properly rejected a portion of Dr. Davis's opinion because his opinion was ten years old, two more recent opinions by other treating physicians contained contradictory information, and the reviewing physician's opinion, on which the ALJ relied, was based on a review of the complete case record, which included medical reports from specialists who provided more detailed and comprehensive information than what was available to Dr. Davis. The ALJ also properly rejected the opinion of Dr. Hearst because his opinion was "brief, conclusory, and inadequately supported by clinical findings." *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012) (internal citation and alteration omitted).

2.      If an ALJ determines "the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged," and "there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so."

3

*Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citations omitted). Flores met the initial requirement because he provided evidence that his underlying impairments could reasonably be expected to produce some degree of pain, and there was no finding by the ALJ that Flores was "malingering." However, the ALJ provided clear and convincing reasons for his adverse credibility finding concerning Flores's pain testimony. First, Flores's subjective statements about the severity of his pain were inconsistent with the medical evidence in the record. Second, Flores's daily activities were not indicative of the degree of pain he alleged. These reasons provide substantial evidence to support the ALJ's adverse credibility determination. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Lingenfelter*, 504 F.3d at 1040.

The ALJ also offered clear and convincing reasons for his adverse credibility finding that Flores could understand basic verbal English. First, Flores was taking courses in English and math at a community college. Second, Flores worked for twelve years in a grocery store and was required to converse, at least to some degree, in English with his supervisors, co-workers, and customers. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (holding that when evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld).

4

**3.** Substantial evidence supports the ALJ's exclusion of a "reaching" restriction from the hypothetical question posed to the VE. The ALJ's exclusion of that restriction was based on the proper rejection of a portion of Dr. Davis's opinion. Thus, because the Residual Functional Capacity ("RFC") assessment was not defective and the hypothetical incorporated all of the physical limitations from the RFC, the hypothetical was proper. *See Valentine v. Comm'r of Soc. Sec.*, 574 F.3d 685, 690 (9th Cir. 2009) (explaining that the hypothetical question is derived from the RFC).

**4.** The ALJ erred by failing to inquire whether the VE's testimony regarding the job requirements for ticket taker (DOT 344.667–010) conflicted with the DOT. *SSR 00-4p,* 2000 WL 1898704 (Dec. 4, 2000); *see Massachi v. Astrue*, 486 F.3d 1149, 1152–53 (9th Cir. 2007). However, the ALJ's failure to follow the procedural requirements of SSR 00-4p was harmless because the VE acknowledged that his description of the position varied from the DOT's and he offered reasonable explanations for using a differing description. *See Massachi*, 486 F.3d at 1154 n.19 (observing ALJ's failure to ask VE whether her testimony conflicted with the DOT and, if so, whether there was a reasonable explanation for the conflict was a harmless procedural error where no conflict existed or the VE provided "sufficient support for her conclusion" justifying any potential conflicts).

5

The VE testified that although the DOT does not discuss a sit-stand option, his testimony was limited to positions with that option. He also described why the DOT's language and math ability requirements did not disqualify Flores from the position. Substantial evidence therefore supports the ALJ's reliance on the VE's testimony.

For all the foregoing reasons, the judgment of the district court is AFFIRMED.