**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT A. RANSTROM, | No. 13-35943 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00485-MO |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted November 3, 2015
Portland, Oregon

Before: FISHER, BERZON, and WATFORD, Circuit Judges.

Robert Ranstrom appeals from the district court's order affirming the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income. We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** The administrative law judge (ALJ) properly considered the opinions and recommendations of the examining psychologist, Dr. Linda Fishman, in finding that Ranstrom was not disabled. Dr. Fishman diagnosed Ranstrom with Asperger's disorder, major depressive disorder, anxiety disorder, and attention deficit disorder, and opined that, in light of Ranstrom's difficulties interacting with others, he is best suited for predictable, routine work that does not involve significant interaction with others. The ALJ not only accepted Dr. Fishman's diagnoses and findings, but also gave her opinions "great weight." However, the ALJ did not fully adopt Dr. Fishman's recommended employment accommodations. Dr. Fishman recommended that any job provide Ranstrom with an on-site support person, a "private, quiet work setting," and "[s]tructured, predictable job tasks." She also recommended that Ranstrom receive "clear step by step instructions" largely free of idioms or slang.

The ALJ provided specific, legitimate reasons that are based on substantial evidence in the record for concluding that the restrictive accommodations recommended by Dr. Fishman were unnecessary. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). As the ALJ noted, the weight of the evidence undermined Dr. Fishman's position. Two certified disability consultants independently reviewed Ranstrom's records and concluded that,

contrary to what Dr. Fishman found, Ranstrom had only moderate difficulties interacting socially and only moderate trouble concentrating. Ranstrom and his two roommates testified that he was able to maintain proper hygiene, shop for food, prepare meals, and visit with friends and family. Ranstrom had also been able to hold down jobs previously without the accommodations Dr. Fishman recommended, and he maintained near-perfect grades in college while also working as a caretaker part-time. In light of that evidence, the ALJ did not err in departing from Dr. Fishman's recommendations. *See id.* at 600–01. Nor did the ALJ err in not specifically addressing Dr. Fishman's contrary residual functional capacity (RFC) assessment, of which the ALJ—who discussed Dr. Fishman's report at length—was undoubtedly aware. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

**2.** The ALJ properly considered all of Ranstrom's mental and physical limitations, and the ALJ's RFC accommodated all of the limitations the ALJ found credible. Ranstrom argues that the ALJ failed to consider the effects of stress on his ability to work. But the ALJ—relying on the opinions of Dr. Anderson and Dr. Rethinger, who reviewed Ranstrom's medical file, and the witness testimony described above—disbelieved that Ranstrom's impairments were as severe as he

claimed, and substantial evidence supports that finding. *See Rollins v. Massanari*, 261 F.3d 853, 856–57 (9th Cir. 2001); *Magallanes*, 881 F.2d at 750.

**3.** Substantial evidence supports the ALJ's conclusion that Ranstrom has the RFC to perform work that exists in the national economy. The vocational expert (VE) testified that Ranstrom has the requisite RFC to work as a hand packager or laundry worker. Ranstrom argues that the descriptions for those jobs in the Dictionary of Occupational Titles (DOT) conflict with his RFC and the limitations given in the ALJ's hypothetical. We disagree.

Both positions the VE identified correspond to DOT's General Educational Development Reasoning Level 2, which entails the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions," and the ability to "[d]eal with problems involving a few concrete variables in or from standardized situations." DOT § 920.587–018, 1991 WL 687916 (hand packager); § 302.685–010, 1991 WL 672657 (laundry worker). The ALJ found that Ranstrom could work in job settings that demand the ability to follow "no more than short, simple instructions and procedures" and require "no more than simple decision-making on the part of the claimant." There is no appreciable difference between the ability to make simple decisions based on "short, simple instructions" and the ability to use commonsense understanding to

carry out "detailed *but uninvolved* . . . instructions," which is what Reasoning Level 2 requires. *See Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015). Thus, there is no actual conflict between Ranstrom's RFC and the DOT.

That conclusion forecloses Ranstrom's Step Five challenge. An ALJ's failure to inquire into an apparent conflict is harmless where, as here, there is no actual conflict between the RFC and the DOT. *See Massachi v. Astrue*, 486 F.3d 1149, 1154 n.19 (9th Cir. 2007); *cf. Rounds v. Comm'r of Soc. Sec. Admin.*, 795 F.3d 1177, 1184 (9th Cir. 2015).

**AFFIRMED.**