NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHON M. MELLOW,

           Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of
Social Security,

           Defendant-Appellee.

No.   19-17249

D.C. No. 2:18-cv-01262-AC

MEMORANDUM*

Appeal from the United States District Court
for the Eastern District of California
Allison Claire, Magistrate Judge, Presiding

Argued and Submitted November 18, 2020
San Francisco, California

Before: THOMAS, Chief Judge, and SCHROEDER and BERZON, Circuit
Judges.

    Shon Mellow appeals the district court's order upholding the Social Security

Administration's denial of disability benefits. We reverse and remand for further

proceedings.

    1. The Administrative Law Judge (ALJ) erred when he failed to incorporate

---

     *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

uncontradicted medical opinions regarding Mellow's hearing into his determination of Mellow's residual functional capacity (RFC). Two reviewing physicians noted that Mellow is limited to "only occ[asional] verbal communication" due to his hearing loss, and also opined that Mellow must "[a]void loud & no[i]sy places at work." Although the ALJ acknowledged this evidence and afforded the physicians' opinions "substantial weight," he did not incorporate Mellow's verbal limitations into the RFC.

This determination is not supported by substantial evidence. Although a non-treating physician's medical opinion may be rejected with less evidence than that of a treating physician, *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020), in this case the ALJ presented *no* evidence or explanation for rejecting medical opinions regarding the limitations on Mellow's verbal communication abilities. To the contrary, the ALJ said he afforded these opinions "substantial weight," but then did not incorporate the hearing limitations into the RFC.

Furthermore, substantial evidence in the record supports finding that Mellow's hearing did limit his communication. At an earlier proceeding, the Social Security Administration determined that Mellow was limited to work tasks that "do not require significant verbal communication, and which do not require significant exposure to noise," and several treating and examining physicians noted Mellow's "poor word recognition," and difficulty communicating over the

telephone. Mellow's hearing has evidently improved since it was at its weakest. But Mellow remains deaf in one ear, and the SSA's determination that Mellow could perform work requiring only limited verbal communication was made after the improvements to his hearing.

The exclusion of Mellow's hearing loss and resulting verbal limitations from the RFC is not supported by substantial evidence. We therefore remand for determination of Mellow's RFC incorporating the physicians' recommendation that Mellow be limited to "only occ[asional] verbal communication."

2. The ALJ erred in discounting Mellow's testimony regarding the severity of his pain and fatigue. In assessing a claimant's subjective testimony, an ALJ must first determine whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)). If the first step is satisfied, and there is no evidence of malingering, the ALJ can reject subjective testimony "only by offering specific, clear and convincing reasons for doing so." *Id.* Here, the ALJ found, and the medical record supports, that Mellow's pain and fatigue could reasonably arise from his impairments. As there is no evidence of malingering, the ALJ was therefore required to provide "specific, clear and convincing reasons" for rejecting Mellow's subjective testimony. *Id.*

3

The ALJ's opinion does not meet the "clear and convincing" standard. First, the ALJ did not find that Mellow was not credible applying "ordinary techniques of credibility evaluation." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Rather, the ALJ found that the "subjective complaints outweigh the objective findings in the medical record" with regard to the severity of Mellow's symptoms. But "[a]n ALJ . . . may not discredit the claimant's subjective complaints solely because the objective evidence fails to fully corroborate the degree of pain alleged." *Coleman v. Saul*, 979 F.3d 751, 756 (9th Cir. 2020) (citing *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998); *accord Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). The ALJ's skepticism regarding the severity of Mellow's symptoms based on the medical record, without more, is therefore insufficient to discount Mellow's testimony.

The only concrete evidence the ALJ points to in discounting Mellow's subjective testimony is Mellow's inconsistent use of the CPAP machine prescribed to treat his sleep apnea. Standing alone, Mellow's inconsistent use of the CPAP machine—a device described in the record as "tricky to tolerate"—does not provide "clear and convincing reasons" for rejecting Mellow's subjective testimony.

Because the ALJ has not met the "demanding" standard required to reject subjective testimony, *Trevizo*, 871 F.3d at 678, we remand with instruction that the

4

ALJ credit Mellow's subjective testimony in the redetermination of the RFC.

3. Finally, the ALJ erred when he failed to confirm whether the Vocational Expert's testimony was consistent with the Dictionary of Occupational Titles. *Massachi v. Astrue*, 486 F.3d 1149, 1153–54 (9th Cir. 2007). Because we reverse for redetermination of the RFC, however, we need not resolve whether this error was harmless.

**REVERSED** and **REMANDED**.