**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROY LEE MAXWELL,<br><br>        Plaintiff-Appellant,<br><br>v.<br><br>ANDREW M. SAUL, Commissioner of<br>Social Security,<br><br>        Defendant-Appellee. | No.   19-16956<br><br>D.C. No. 1:18-cv-00894-GSA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Gary S. Austin, Magistrate Judge, Presiding

Submitted December 11, 2020[**]
San Francisco, California

Before: BOGGS,[***] M. SMITH, and BENNETT, Circuit Judges.

Plaintiff Roy Lee Maxwell appeals the district court's denial of his appeal of

the Social Security Commissioner's denial of his application for disability

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

insurance benefits. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Maxwell applied for disability insurance benefits in 2014, but the Commissioner denied his application initially, and upon reconsideration. After a hearing in which the administrative law judge (ALJ) considered both the Dictionary of Occupational Titles (DOT) and the testimony of a vocational expert (VE), the ALJ found that Maxwell was not entitled to benefits because he failed step five of the disability analysis—even though he was unable to do past relevant work, the government established that there was work existing in significant numbers in the national economy that he could perform. *See* 20 C.F.R. § 404.1560. The ALJ based this step-five finding on the VE's testimony that a hypothetical person with the same residual functional capacity (RFC) as Maxwell could work as a dishwasher, laundry worker, or order picker. The Appeals Council denied Maxwell's request for review, and the district court denied Maxwell's appeal.

On appeal of the district court's denial, Maxwell argues that the ALJ erred by failing to resolve conflicts between the VE's testimony and information in the DOT, as required by Social Security Ruling (SSR) 00-4p. 2000 WL 1898704, at *2. In particular, Maxwell argues that according to the DOT, (1) being a dishwasher or laundry worker requires exposure to "environmental conditions," contrary to the limitation in his RFC that he have "no exposure to hazards, such as

unprotected heights or moving machinery," and (2) the job of an order picker involves occasional climbing, contrary to the limitation in his RFC that he "never climb ladders, ropes, or scaffolds."

We review the ALJ's factual findings for substantial evidence. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). In general, a VE's testimony may be substantial evidence on its own to support a nondisability finding. *See Ford v. Saul*, 950 F.3d 1141, 1160 (9th Cir. 2020). Moreover, an ALJ may rely on VE testimony that conflicts with the DOT so long as there is "persuasive testimony" to support the deviation. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (citation omitted). Before resolving a conflict between the VE's testimony and the DOT, "the ALJ must first determine whether a conflict exists" at all. *Id.* And for "a difference between [a VE's] testimony and the [DOT's] listings to be fairly characterized as a conflict, it must be obvious or apparent. This means that the testimony must be at odds with the [DOT's] listing of job requirements that are essential, integral, or expected." *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016).

Here, there was no "obvious or apparent" conflict between the VE's testimony and the DOT, so there was nothing for the ALJ to resolve. First, environmental conditions are not "hazards" prohibited by Maxwell's RFC. In fact, SSR 83-10 separates "environmental conditions" into subcategories, one of which

3

is "hazards." 1983 WL 31251, at *5. In doing so, the Ruling makes clear that environmental conditions and hazards are not coextensive. SSR-96-9p also excludes environmental conditions from its detailed list of occupational hazards, *see* 1996 WL 374185, at *9, further suggesting that environmental conditions are not necessarily hazards. There was thus no conflict between the DOT and the VE's testimony that Maxwell could work as a dishwasher or laundry worker, both of which involve exposure to certain environmental conditions.[1]

Second, climbing ladders, ropes, or scaffolds is not a requirement for every job as an order picker. Although the DOT does list "[c]limbing . . . [o]ccasionally" in the "task element" statement for the order-picker occupation, that statement explains that an order picker performs "any combination of [the] following tasks"—not that every order picker must perform every task listed. DOT, 922.687-058 (*Laborer, Stores*), 1991 WL 688132. *Cf. Gutierrez*, 844 F.3d at 808 (accepting VE's testimony as substantial evidence that plaintiff, who could not reach overhead, could work as a cashier even though the DOT listed "frequent reaching" as a requirement for the job, "[g]iven how uncommon it is for most cashiers to have to reach overhead"). Furthermore, among those order pickers

---

[1] Maxwell's speculation that environmental conditions such as wetness or humidity might "constitute a hazard for an individual suffering from episodic dizziness in the work setting" is not a DOT conflict but a challenge to the ALJ's RFC formulation, which Maxwell failed to raise before the district court or in his brief. Maxwell thus forfeits the issue on appeal. *See Ford*, 950 F.3d at 1158 n.12.

whose work does involve occasional climbing, the DOT does not state that the pickers must climb ladders, ropes, or scaffolds; they may also be climbing stairs or ramps, for instance, which is not prohibited by Maxwell's RFC. *Cf. Gutierrez*, 844 F.3d at 808 ("[N]ot every job that involves reaching requires the ability to reach overhead."). Therefore, there was no conflict between the DOT and the VE's testimony that Maxwell could work as an order picker, even though the DOT includes "[c]limbing . . . occasionally" as a possible task.[2]

Finally, Maxwell argues that the IJ failed to resolve conflicts between the VE's testimony and certain vocational resources other than the DOT. This argument fails as we have specifically held the ALJ does not have an affirmative obligation to resolve such conflicts. *See Shaibi v. Berryhill*, 883 F.3d 1102, 1109–10 (9th Cir. 2017). Further, if a claimant fails to challenge the VE's testimony based on those other vocational resources during the administrative hearing, as here, the claimant forfeits the challenge. *Id.* at 1110.

**AFFIRMED.**

---

[2] Even if there were a conflict, the ALJ's failure to resolve it would be harmless error, given that the ALJ correctly found Maxwell could perform the dishwasher and laundry worker occupations. "[T]he court will not reverse an ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation and internal quotation marks omitted).