**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CONNIE A. HUIZAR, | No. 10-35415 |
| Plaintiff - Appellant, | D.C. No. 9:08-cv-00180-DWM-JCL |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Donald W. Molloy, District Judge, Presiding

Submitted April 11, 2011[**]
Seattle, Washington

Before: KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

Although the ALJ erred for failing to inquire about potential conflicts

between the vocational expert's analysis and the Dictionary of Occupational Titles

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

job descriptions, see Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007), that error was harmless because there was no substantial conflict. Id. at 1154 n.19. Huizar waived her argument that the hypothetical to the vocational expert did not include the ALJ's residual functional capacity's restriction to "simple, routine, and repetitive work," by not raising it before the district court. Edlund v. Massanari, 253 F.3d 1152, 1160 n.9 (9th Cir. 2001).

The ALJ's determination that Huizar could perform past work was supported by substantial evidence. See Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005). The evidence in the record showed that Huizar responded well to conservative treatment, except for a few short setbacks. This was consistent with Dr. Mitgang's opinion, but inconsistent with Dr. Fallis's and Mr. Oltz's. Substantial evidence supported the ALJ's decision to give more weight to Dr. Mitgang's opinion than Dr. Fallis's and Mr. Oltz's. Dr. Mitgang's opinion, combined with the other evidence in the record which corroborated it, was "substantial evidence" supporting a residual functional capacity finding. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Substantial evidence supported the ALJ's finding that the demands of DOT code 299.357-014, telephone solicitor, fell within his residual functional capacity finding.

2

Huizar's contention that the ALJ failed to take into account the side effects of her pain medication on her residual functional capacity is unsupported by the record. The ALJ specifically stated that he was taking into account all of the evidence in the record, and took into account the impact from Huizar's medications by limiting her to "relatively simple, routine, and repetitive work instructions." That the ALJ took the effects of her medications into account is made explicit in his limitation that Huizar "should avoid even moderate exposure to vibration, and hazards such as heights, and working around dangerous equipment *due to the use of narcotic/opiate pain medications*." (emphasis added).

The ALJ gave clear and convincing reasons, supported by substantial evidence in the record, for discrediting Huziar's testimony to the extent that it conflicted with the medical evidence in the record as a whole. Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009). Huizar had been working with her physical impairments full-time from 2000 until mid-2006. Thus, the ALJ found that her ability to continue working was inconsistent with her testimony about the severity of her impairments. See 20 C.F.R. § 404.1571 ("Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."). The record reflects that, except for

3

the period between May 2006 and November 2006, Huizar's medical records largely reported that she was satisfied with her pain regimen, was doing well on her medications, and was primarily returning only to get refills for her prescriptions. The record contains substantial evidence that Huizar's physical and mental impairments responded favorably to conservative treatment, she skipped a recommended objective test, and a procedure was skipped because of spontaneous improvement. The ALJ's credibility decision was therefore "grounded in the evidence" and "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Soc. Sec. Reg. 96-7p.

Although the ALJ erred in rejecting Huizar's daughter's testimony on the ground of her relationship to her mother, Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996), that error was harmless. The ALJ did not err in discrediting the daughter's testimony on the ground that it conflicted with the medical evidence in the record. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

Finally, the ALJ did not err in giving less weight to Dr. Fallis's and Mr. Oltz's records. The ALJ gave "specific, legitimate reasons for doing so that are

based on substantial evidence in the record ." <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ found that the record as a whole refuted Dr. Fallis's observations, and his observations were internally inconsistent.

Mr. Oltz, as a nurse, cannot provide a "medical opinion," 20 C.F.R. § 404.1527(a)(2), so his records could only be used to show the severity of the individual's impairments and how they affect the individual's ability to function. They cannot be used to establish the existence of a medically determinable impairment. 20 C.F.R. §§ 404.1513(a), (d). The ALJ did not err in discrediting Mr. Oltz's functional assessments on the ground that they conflict with the record as a whole. Most of Mr. Oltz's own records reveal that Huizar felt that the medications were controlling her pain symptoms.

AFFIRMED.