**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| J. MANUEL RICO CHAVEZ, | No. 10-15076 |
| Plaintiff-Appellant, | D.C. No. 1:08-cv-01323 DLB |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Submitted April 15, 2011[**]
Pasadena, California

Before: STEPHEN REINHARDT, Circuit Judge, RONALD M. GOULD, Circuit
Judge, and ROBERT J. TIMLIN,[***] Senior District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert J. Timlin, United States District Judge for the
Central District of California, sitting by designation.

J. Manuel Rico Chavez ("Chavez") appeals the district court's order denying his appeal of a final decision of the Commissioner of Social Security ("Commissioner") denying Chavez's applications for disability insurance benefits and supplemental security income pursuant to Titles II and XVI of the Social Security Act. Chavez contends on appeal that the administrative law judge ("ALJ") committed legal error by failing to resolve a conflict between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles ("DOT") prior to relying on the VE's testimony to make a determination that Chavez could perform other work after December 2004. The Commissioner concedes on appeal that the ALJ erred by not expressly asking the VE whether her testimony was in conflict with the DOT, but argues that the error was harmless.

Because the parties are familiar with the facts, we do not recite them in detail. We review a district court's order upholding the Commissioner's denial of benefits de novo. *Reddick v. Chater*, 157 F.3d 715, 721 (9th Cir. 1998). We hold that, as the Commissioner rightly conceded, the ALJ committed legal error when he failed to ascertain from the VE whether a conflict existed between the DOT and the occupations identified by the VE as available to Chavez and within his residual functional capacity and, if there were unresolved potential inconsistencies in the evidence, to request the VE provide a reasonable explanation for that conflict. *See*

2

Social Security Ruling 00-4p.  If there was a conflict, the ALJ was legally obligated to resolve it.  *See Massachi*, 486 F.3d at 1153.  Because a conflict did in fact exist between the DOT definitions of the identified occupations and the VE's testimony on that subject and the record does not provide a clear, unambiguous explanation for such conflict, the ALJ's error was not harmless.

We therefore reverse the district court with directions that it remand this case to the Commissioner for further administrative proceedings under 42 U.S.C. § 405(g).  At those proceedings, the Commissioner shall inquire of the VE about the conflict between the occupations identified by the VE and the DOT definitions of the identified occupations and assess whether the VE's explanation for the conflict is reasonable and may be relied on.  *See Massachi*, 486 F.3d at 1153.

**REVERSED AND REMANDED.**