**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUDITH LYNNE BLACK, | No. 10-15055 |
| Plaintiff - Appellant, | D.C. No. 5:08-cv-00792-JW |
| v. | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
James Ware, Chief District Judge, Presiding

Argued and Submitted April 14, 2011
San Francisco, California

Before: THOMAS and RAWLINSON, Circuit Judges, and CARNEY, District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Cormac J. Carney, U.S. District Judge for the Central District of California, sitting by designation.

Judith Lynne Black appeals the district court's grant of summary judgment in favor of the Social Security Commissioner in her action challenging the denial of her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434 (2006). We review the district court's grant of summary judgment *de novo*. *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009). However, the scope of our review of the Commissioner's denial of disability benefits is limited. "We may set aside a denial of benefits only if the Commissioner's findings are not supported by substantial evidence or based on legal error." *Id.* (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Where the evidence is susceptible to more than one rational interpretation, we must uphold the Commissioner's decision. *See id.* Black contends that the Administrative Law Judge ("ALJ") erred by improperly discounting the opinion of her treating physician, improperly discounting her statements regarding the severity of her pain and depression symptoms, and by finding that the Commissioner carried his burden to show that Black can perform other jobs that exist in significant numbers in the national economy. We affirm.

The ALJ provided specific and legitimate reasons supported by substantial evidence in the record for discounting the contradicted March 2006 opinion of Dr. Jonathan Green, Black's treating physician. *See Lester v. Chater*, 81 F.3d 821,

2

830–31 (9th Cir. 1995). Dr. Green's opinion was not supported by objective medical findings, and Dr. Green appeared to have relied heavily on Ms. Black's subjective complaints about her low back pain, which the ALJ found were only partly credible. *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (affirming ALJ's decision to discount opinions of treating physicians because it was in the form of a checklist, did not have supportive objective evidence, was contradicted by other statements and assessments of claimant's medical condition, and was based on claimant's subjective descriptions of pain). The ALJ also properly discounted Dr. Green's opinion because it was inconsistent with Dr. Gable's independent findings and opinion about Black's residual functional capacity, as well as the opinions of two non-examining physicians who based their opinions on Dr. Gable's clinical findings. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record.")

Neither did the ALJ err by finding that some of Black's statements regarding the severity of her pain and depression symptoms were not entirely credible. The ALJ must give specific, clear and convincing reasons supported by substantial

3

evidence for finding that Black's subjective testimony was not credible. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

After describing in some detail Black's medical history and the findings in the medical record, the ALJ found that Black's testimony regarding the severity of her impairments was inconsistent with the objective medical findings in the record and the level of treatment that Black received. "While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The inconsistencies between Black's medical and treatment history and the severity of symptoms that she described are legally sufficient to support a negative credibility determination. *See Batson*, 359 F.3d at 1196; *Smolen*, 80 F.3d at 1284 n.8.

The Commissioner also met his burden to show that Black could perform other jobs that exist in significant numbers in the national economy. The ALJ and the Appeals Council permissibly relied on both testimony from a vocational expert and occupations coded in the Dictionary of Occupational Titles. Although the ALJ erred by failing to ask the vocational expert whether her testimony conflicted with the Dictionary of Occupational Titles, that error was harmless because there was no

4

actual conflict. *See Massachi v. Astrue*, 486 F.3d 1149, 1153, 1154 n.19 (9th Cir. 2007). The occupations that the vocational expert provided in her testimony match nursing occupations that are coded as light work in the Dictionary of Occupational Titles, and the Appeals Council explicitly added the Dictionary of Occupational Titles Codes for those occupations in its review of the ALJ's decision.

**AFFIRMED**.