NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIA QUESADA, | No. 11-57059 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01139-JM-POR |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, Senior District Judge, Presiding

Submitted January 22, 2013[**]

Before:      HUG, FARRIS, and LEAVY, Circuit Judges.

Maria Quesada appeals the district court's judgment affirming the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. §1291.  We review de novo, *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010), and we affirm.

Substantial evidence supports the Administrative Law Judge's ("ALJ") rejection of the treating physicians' opinions because the examining physicians' independent clinical findings differed from the treating physicians' findings and the medical expert's testimony undermined the treating physicians' conclusions. *See Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) ("[W]hen an examining physician provides independent clinical finding that differ from the findings of the treating physician, such findings are substantial evidence." (citation and internal quotation marks omitted)); *Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998) (consistency of treating physician's report with other medical findings is a legitimate basis for evaluating report's reliability).

The ALJ provided clear and convincing reasons, supported by substantial evidence, for determining that Quesada was not credible.  *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (the claimant's tendency to exaggerate is a legitimate consideration in determining credibility).  The ALJ's reliance on the incorrectly dated discogram was harmless error, because the ALJ's remaining reasons for finding Quesada not credible constitute substantial evidence supporting

the finding.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

The ALJ did not err in relying on the testimony of the vocational expert to conclude that Quesada could perform jobs that exist in significant numbers in the national economy because the ALJ asked the vocational expert to identify any conflicts with the Dictionary of Occupational Titles ("DOT") and the vocational expert's statement that her testimony was in conformance with the DOT is supported by the record.  *See Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).

**AFFIRMED.**