**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRISELDA FARIAS,<br><br>          Plaintiff - Appellant,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissionner of Social Security,\*\*<br><br>          Defendant - Appellee. | No. 11-57088<br><br>D.C. No. 2:11-cv-01170-FFM<br><br>MEMORANDUM\* |

Appeal from the United States District Court
for the Central District of California
Frederick F. Mumm, Magistrate Judge, Presiding

Argued and Submitted May 10, 2013
Pasadena, California

Before: PREGERSON and FISHER, Circuit Judges, and DANIEL, District
Judge.\*\*\*

---

\*This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*Carolyn Colvin is substituted for her predecessor, Michael Astrue, as
Acting Commissioner of the Social Security Administration. Fed R. App. P.
43(c)(2).

\*\*\*The Honorable Wiley Y. Daniel, Senior United States District Judge for
the District of Colorado, sitting by designation.

Griselda Farias appeals the district court's order upholding the Commissioner's denial of disability insurance benefits and supplemental security income benefits. We vacate the district court's order and remand for further proceedings consistent with this disposition.

**1.** The ALJ erred by failing to inquire whether the vocational expert's (VE) testimony regarding the job requirements for ticket taker (DOT 344.667-010), copy messenger (DOT code 239.677-010) and hostess (DOT code 349.677-014) conflicts with the *Dictionary of Occupation Titles* (DOT). *SSR 00–4p*, 2000 WL 1898704 (Dec. 4, 2000). *See Massachi v. Astrue*, 486 F.3d 1149, 1152–53 (9th Cir.2007). The ALJ's error was not harmless as to the occupations of ticket taker and copy messenger because the VE's testimony that these jobs "have occasional handling requirements but no fingering requirements" conflicts with the DOT. Under the DOT's definitions, the job of ticket taker has frequent handling and occasional fingering requirements, *see* Dictionary of Occupational Titles 344.667-010, *available at* 1991 WL 672863, and the job of copy messenger requires frequent handling, *see* Dictionary of Occupational Titles 239.677-010, *available at* 1991 WL 672233. Because the ALJ failed to inquire about these material conflicts, we cannot determine whether substantial evidence supports the

2

ALJ's findings as to the occupations of ticket taker and copy messenger. *See Massachi*, 486 F.3d at 1153-54.

**2.** No "reasonable mind" could accept the employment numbers proffered by the VE as substantial evidence that someone with Farias' characteristics and residual functional capacity (RFC) could perform the job of hostess (DOT 349.667-014). *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). DOT 349.667-014 corresponds to the occupation of a head host/hostess of a dance hall, who:

> Introduces unaccompanied persons at dancehall to HOSTS/HOSTESSES, DANCE HALL (amuse. & rec.), explaining procedure of engaging social partner. Inspects dress of HOSTS/HOSTESSES, DANCE HALL (amuse. & rec.) to ensure that they present clean and pleasing personal appearance. Attempts to distribute patrons equally among HOSTS/ HOSTESSES, DANCE HALL (amuse. & rec.).

Dictionary of Occupational Titles 349.667-014, *available at* 1991 WL 672884.

A reasonable mind would not accept the VE's testimony that there are 3,600 head dance hall hostess positions in the local economy and 342,000 in the national economy. The most plausible explanation appears to be that the VE properly testified that a person with Farias' characteristics and RFC could perform the job requirements of head dance hall hostess but erroneously provided employment data for restaurant hostess – an occupation that exists in far larger numbers. Notably,

the employment numbers reported by the Bureau of Labor Statistics for the occupation of restaurant host/hostess are very similar to the numbers the VE proffered for the job of head dance hall hostess. *See* Hosts and Hostesses, Restaurant, Lounge, and Coffee Shop, Bureau of Labor Statistics*,* http://www.bls.gov/oes/current/oes359031.htm (341,400 such jobs exist nationally based on the most current BLS data); News, Bureau of Labor Statistics (May 1, 2009), http://www.bls.gov/news.release/archives/ocwage_05012009.pdf (349,990 such jobs existed nationally in 2008). The ALJ's conclusion is therefore not supported by substantial evidence – "such relevant evidence as a reasonable mind might accept as adequate to support [the ALJ's] conclusion." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

Accordingly, we vacate the decision of the district court and remand with instructions to remand to the Commissioner for further consideration and testimony concerning the types of jobs that Farias could perform and the numbers of those positions that exist in the economy.

**VACATED** and **REMANDED**.