**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 23 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRUZ VILLA,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>CAROLYN W. COLVIN, Commissioner<br>of Social Security,<br><br>        Defendant - Appellee. | No. 12-56480<br><br>D.C. No. 2:11-cv-08992-OP<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Oswald Parada, Magistrate Judge, Presiding[**]

Submitted July 12, 2013[***]

Before:     HUG, FARRIS, and LEAVY, Circuit Judges.

Cruz Villa appeals from the district court's judgment affirming the

Commissioner of Social Security's denial of her application for Social Security

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's decision upholding the denial of benefits. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We must affirm the denial of benefits unless it is based on legal error or the findings of fact are not supported by substantial evidence. *Id.*

Substantial evidence supports the Administrative Law Judge's ("ALJ") determination that Villa had the residual functional capacity to perform her past relevant work as a bus driver. The ALJ properly relied on the testimony of vocational expert Trost because Trost provided a reasonable explanation for her conclusion that, even though the *Dictionary of Occupational Titles* lists the occupation of bus driver as generally performed at the medium exertional level, Villa performed her past job at a light exertional level. *See Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). Because Trost provided sufficient support for her conclusion, the ALJ did not err in failing to discuss vocational expert Schneider's earlier testimony. *See id.* at 1154 n.19.

Finally, Villa's statement that, as a bus driver, she sat for nine hours in a twelve-hour workday is consistent with the ALJ's finding that Villa could sit for six hours in an eight-hour workday.

**AFFIRMED.**