**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER BRUCE SELTSER, | No. 14-55669 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-02590-LAB-WVG |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted March 10, 2016
Pasadena, California

Before: MURPHY,** PAEZ, and NGUYEN, Circuit Judges.

Peter Seltser appeals the district court's judgment affirming the Social

Security Commissioner's determination that he was not disabled and therefore not

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

entitled to disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Seltser argues that the Administrative Law Judge ("ALJ") erred in finding that his skills as a public insurance adjuster were transferable to a claims clerk role with "very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." *Renner v. Heckler*, 786 F.2d 1421, 1423 (9th Cir. 1986). We review the ALJ's decision for substantial evidence. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). In reaching his decision, the ALJ relied upon a vocational expert's testimony that Seltser's insurance-related skills were transferable, that there was very little vocational adjustment required as to work processes, work settings, and industry, and that the basic computer tasks of the position were learnable within 30 days. Given this testimony, substantial evidence supported the ALJ's finding that Seltser could perform the job of a claims clerk with very little vocational adjustment.

We similarly reject Seltser's argument that the vocational expert's testimony improperly conflicted with the *Dictionary of Occupational Titles* ("DOT"). Seltser fails to identify any specific inconsistency. The expert accurately discussed the DOT entries for each position, and her testimony was consistent with those entries.

Any failure by the ALJ to inquire about consistency with the DOT was therefore harmless. *Massachi v. Astrue*, 486 F.3d 1149, 1154 n.19 (9th Cir. 2007).

**AFFIRMED.**