**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JASON D. INMAN,

          Plaintiff-Appellant,

   v.

CAROLYN W. COLVIN, Commissioner
of Social Security Administration,

          Defendant-Appellee.

No. 14-35500

D.C. No. 1:13-cv-00202-KI

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted October 5, 2016[**]
Portland, Oregon

Before: THOMAS, Chief Judge, and CLIFTON and NGUYEN, Circuit Judges.

    Jason Inman appeals the district court's decision affirming the

Commissioner of Social Security's determination that Inman did not qualify for

disability insurance benefits under Title II of the Social Security Act. At step five

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of the sequential evaluation process, the Administrative Law Judge ("ALJ") determined that Inman was able to perform other work, and, therefore, was not disabled. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and affirm in part, vacate and remand.

The ALJ did not err in finding Inman not credible with regard to whether he was disabled. The ALJ properly followed the two-step credibility analysis and provided specific, clear and convincing reasons, supported by substantial evidence, for his credibility determination, including that there were several inconsistencies between Inman's statements of chronic pain and impairment and evidence that he sought little treatment for such pain and that he was able to participate in a wide variety of activities despite his claimed impairment. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ also did not err in giving substantial weight to the testimony of non-examining medical advisors, which the ALJ found to be consistent with other independent evidence in the record, but giving less weight to the opinions of Inman's treating and examining physicians. The ALJ properly accorded less weight to Inman's treating physician's opinion because it was contradicted by Inman's employment history and the opinions of other physicians of record, and

2

because it was largely based on the subjective complaints of Inman, whom the ALJ had found not to be credible. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). The opinion of Inman's examining doctor also was properly accorded less weight because it was contradicted by the longitudinal record and based on an incomplete review of Inman's claim file.

Nor did the ALJ err in rejecting the lay witness testimony in support of Inman's application. The ALJ gave germane reasons for rejecting the testimony as both inconsistent with the record and unreliable. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).

The ALJ did not err with respect to the hypothetical posed to the vocational expert. For the hypothetical to be complete, the ALJ needed to present all limitations that were supported by substantial evidence in the record. *See Magallanes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989). The ALJ did so here.

However, the ALJ did err in failing to reconcile the apparent conflict between his assessment of Inman's residual functional capacity and his determination that Inman could perform the occupations identified by the vocational expert. The ALJ found that Inman's residual functional capacity was such that "[h]e is capable of understanding and remembering simple, routine tasks but should avoid the need to understand and remember detail-oriented tasks. He is

capable of sustaining concentration and persistence with simple, routine tasks but should avoid being placed in a situation requiring sustained concentration and persistence for detail-oriented tasks." However, the occupations identified by the vocational expert as requiring Levels 2 and 3 reasoning demand that one "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations. [Level 2]. And, [a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations. [Level. 3]." U.S. Dep't. of Labor, *Dictionary of Occupational Titles* ("DOT"), App C (4th ed. 1991), *available at* 1991 WL 688702. There is no explanation by the ALJ or the vocational expert as to how someone with Inman's residual functional capacity could perform work requiring Level 2 and Level 3 reasoning. *See Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015); *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1003-04 (9th Cir. 2015). As a result, this Court cannot determine whether substantial evidence supports the ALJ's step-five finding that Inman is not disabled because he is capable of performing the jobs identified by the vocational expert.

We vacate the district court's judgment with instructions to remand this case to the Social Security Administration for further proceedings. On remand, the ALJ should determine whether the jobs identified by the vocational expert are inconsistent with the definitions in the DOT and Inman's limitations, and, if necessary, whether there is a reasonable explanation for any such inconsistencies. *See Massachi v. Astrue*, 486 F.3d 1149, 1155 (9th Cir. 2007).

Each party to bear its own costs.

**AFFIRMED in part, VACATED and REMANDED.**