**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CONNIE GUTIERREZ,

        Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Commissioner
of Social Security,

        Defendant-Appellee.

No.   14-35443

D.C. No. 3:12-cv-02016-MA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted November 9, 2016[**]
Portland, Oregon

Before:  McKEOWN, W. FLETCHER, and FISHER, Circuit Judges.

Connie Gutierrez appeals the district court's decision affirming the

Commissioner of the Social Security Administration's ("SSA") denial of her

application for Social Security benefits for the period of September 2009 through

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

May 2011. The excerpts of record in this case are sealed, so our disposition does not repeat the facts, which are known to the parties. Because the administrative law judge's ("ALJ") findings are supported by substantial evidence and the ALJ did not commit errors of law, we affirm.

The SSA applies a five-step analysis to determine whether an applicant is disabled. 20 C.F.R. § 404.1520(a). Steps one through three are not contested in this case. Before moving to step four, the ALJ must determine the applicant's residual functional capacity. *Id.* § 404.1520(e). Gutierrez challenges the ALJ's determination of her residual functional capacity based on her alleged symptoms, medical evidence, and lay witness testimony. The record shows that the ALJ analyzed and weighed all of the evidence, drawing conclusions that were supported by substantial evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1110–11 (9th Cir. 2012) ("Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." (internal quotation marks and citations omitted)).

Gutierrez also objects to the ALJ's finding that the testimony regarding the severity of her symptoms was not credible. Because substantial evidence supports

the ALJ's determination that Gutierrez's testimony is sufficiently discredited by her conservative treatment, her arguments here fail. *See Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (observing that conservative medical treatment supported the ALJ's negative credibility determination).

Substantial evidence also supports the ALJ's decision to afford little weight to Gutierrez's former husband's testimony on the ground that it conflicted with the medical evidence. An ALJ may disregard lay witness testimony if he "gives reasons germane to each witness for doing so." *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)). Any error the ALJ committed by failing to elaborate on his reasons for discrediting the opinion of Gutierrez's primary care provider is harmless. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

As to step five, the record supports the vocational expert's finding that Gutierrez could perform the position of office helper. *See Johnson*, 60 F.3d at 1435 ("[T]here was persuasive testimony . . . matching the specific requirements of a designated occupation with the specific abilities and limitations of the claimant."). Additionally, the record reflects that the ALJ appropriately inquired into whether the vocational expert's opinion was consistent with the *Dictionary of*

3

*Occupational Titles*, *Massachi v. Astrue*, 486 F.3d 1149, 1152–54 (9th Cir. 2007), and that the testimony was in fact consistent, *see* DOT § 239.567-010, 1991 WL 672232. To the extent Gutierrez argues that the ALJ relied on improper statistics regarding the office helper position, she has waived that argument by failing to assert it in her opening brief. *Officers for Justice v. Civil Serv. Comm'n*, 979 F.2d 721, 726 (9th Cir. 1992).

Finally, Gutierrez challenges the ALJ's determination of her residual functional capacity because the ALJ purportedly neglected to include all of Gutierrez's limitations in his questions to the vocational expert. However, because the ALJ's residual functional capacity finding is supported by substantial evidence, his hypothetical question to the vocational expert that reflected that finding was not in error. *See Bayliss*, 427 F.3d at 1217 ("The hypothetical that the ALJ posed to the [vocational expert] contained all of the limitations that the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the [vocational expert] gave in response to the hypothetical therefore was proper.").

Because we conclude that the ALJ's findings are supported by substantial evidence, we need not reach Gutierrez's request that we remand for an immediate award of benefits.

**AFFIRMED.**