NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 29 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EVANGELINE DEL CARMEN PAYAN, | No.  14-16799 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00741-DJH |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted December 13, 2016
San Francisco, California

Before:  KOZINSKI, BYBEE, and N.R. SMITH, Circuit Judges.

1.     The ALJ failed to properly assess Payan's residual functional capacity ("RFC") in light of Social Security Ruling 12-2p.  The ALJ concluded that Payan suffered from fibromyalgia and other severe impairments, yet she rejected (1) the assessment of Payan's treating physician and (2) Payan's subjective symptom

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

testimony, because neither was supported by objective medical evidence. Social Security Ruling 12-2p precludes the ALJ from rejecting alleged functional limitations based solely on a lack of objective medical evidence. *See* SSR 12-2p(IV)(B); *see also Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (noting an ALJ errs by "effectively requir[ing] 'objective' evidence for a disease that eludes such measurement" (alteration in original) (quoting *Green-Younger v. Barnhart*, 335 F.3d 99, 108 (2d Cir. 2003)).

Furthermore, the ALJ asserted that at least some of the opinions of Payan's medical examiners were inconsistent with the objective medical evidence. But the ALJ erred in failing to identify the specific evidence that contradicted the physicians' findings. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) ("The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." (quoting *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998)).

2.      The ALJ failed to reconcile the apparent conflict between her assessment of Payan's RFC and her determination that Payan could perform the occupations of furniture rental consultant and photo counter clerk identified by the vocational

expert.[1]  First, a furniture rental consultant requires a reasoning level of three, which is inconsistent with the ALJ's finding that Payan could only perform simple, repetitive tasks.  *See Zavalin v. Colvin*, 778 F.3d 842, 847 (9th Cir. 2015).[2]

Second, the vocational expert's description of the duties of a photo counter clerk was inconsistent with the one in the Dictionary of Occupational Titles.  The ALJ erred in failing to recognize and reconcile the discrepancies.  *See* SSR 00-4p; *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007).

3.      Despite the ALJ's erroneous findings, the record as a whole still leaves doubt as to whether Payan is disabled within the meaning of the Social Security Act.  *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014).  Further proceedings would serve the useful purpose of allowing further development of the record.  *Id.*  Therefore, we remand with instructions to the district court to remand this case to the Commissioner for further proceedings.

**REVERSED and REMANDED.**

---

[1] The ALJ also found that Payan could perform the work of a dressing room attendant.  Based on the government's concession, the district court concluded that the ALJ erred in making this finding.  We therefore do not address it here.

[2] Even assuming that Payan did not raise this precise issue below, *Zavalin* was decided after the district court issued its opinion.  We can review an issue raised for the first time "when a change in law raises a new issue while an appeal is pending."  *Cmty. House, Inc. v. City of Boise*, 490 F.3d 1041, 1053 (9th Cir. 2007).