**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

APR 3 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TERRY JOSEPH CATTANO, | No. 15-55126 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00518-DOC-RNB |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM [*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted March 9, 2017
Pasadena, California

Before: REINHARDT and NGUYEN, Circuit Judges, and MARBLEY,[**] District Judge.

Terry Cattano appeals the district court's decision affirming the

Commissioner of Social Security's determination that he did not qualify for

disability insurance benefits. The Administrative Law Judge ("ALJ") found that

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

Cattano was not presumptively disabled and that he could perform work that existed in significant numbers in the national economy. Because Cattano cannot demonstrate that he was disabled from December 1, 2003 to December 31, 2007 (the insured period), we affirm.

**1.** The ALJ properly concluded that Cattano is not presumptively disabled because he did not have "an impairment or combination of impairments that meets or equals a condition outlined in the 'Listing of Impairments.'" *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001); *see also Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) ("For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria."). Cattano did not meet all of the requirements for Listing 1.04, for disorders of the spine, because he is unable to point to evidence that he has suffered motor loss, sensory or reflex loss, or positive straight-leg raising tests in the sitting and supine positions for twelve continuous months. *See* 20 C.F.R. Part 404, Subpart P, App. 1, § 1.04A; *see also* 20 C.F.R. § 404.1525(c)(4) ("[T]he evidence must show that your impairment(s) has lasted or can be expected to last for a continuous period of at least 12 months."). Cattano also did not meet all the requirements for Listing 11.03, for nonconvulsive epilepsy, because there is no indication that the headaches he suffered during the

2

insured period were severe enough to render Cattano *per se* disabled. *See* 20

C.F.R. Part 404, Subpart P, App. 1, § 11.03.

**2.** The ALJ properly weighed the medical evidence before concluding that

Cattano had the residual functional capacity to perform light work. The ALJ

afforded greater weight to the examining physician, Dr. Smith, and the two

reviewing physicians, Drs. Khong and Zheutlin. These three doctors all concluded

that Cattano could perform light work.

The ALJ provided specific and legitimate reasons, supported by substantial

evidence, for ascribing less weight to the opinions of the treating physicians. *See*

*Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) ("If a treating or

examining doctor's opinion is contradicted by another doctor's opinion, an ALJ

may only reject it by providing specific and legitimate reasons that are supported

by substantial evidence." (citing *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir.

1995))). The ALJ properly discounted the opinion of Dr. Conner because his 2008

opinion was inconsistent with his contemporaneous treatment notes, which

indicated, for example, that Cattano had "drastically improved." The ALJ properly

ascribed no weight to Dr. Hamilton's opinion that Cattano was "totally disabled"

because that opinion was inconsistent with Cattano's practices of treating his

3

ailments with Aleve and visiting a doctor annually. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (finding that a conservative course of treatment is not compatible with a claim of total disability).

**3.** The ALJ properly discounted Cattano's testimony to the extent that it conflicted with the residual functional capacity because of his conservative treatment regime and inconsistent testimony. First, the ALJ found that claims regarding the severity of Cattano's ailments are undermined by his post-surgery recoveries and his use of only over-the-counter Naprosyn and Aleve for relief. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (finding that treatment with over-the-counter pain medication is sufficient to discount a claimant's testimony regarding severity of an impairment). Second, the ALJ explained that the inconsistencies between Cattano's 2009 and 2012 testimony also weighed against his credibility. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012) ("[T]he ALJ may consider inconsistencies either in the claimant's testimony or between the testimony and the claimant's conduct."). Accordingly, the ALJ provided specific, clear, and convincing reasons to discount Cattano's testimony to the extent that it conflicted with the residual functional capacity.

**4.** The ALJ reasonably relied on the vocational expert's testimony that

4

Cattano could perform work as a packager or inspector. Although the activities of packagers and inspectors include reaching, the vocational expert was aware that Cattano could not reach overhead with his right arm when he testified that Cattano could still perform those jobs. Moreover, when explicitly asked by the ALJ, the vocational expert testified that his recommendations were consistent with the Dictionary of Occupational Titles. Therefore, the ALJ reasonably relied on the vocational expert's testimony in concluding that Cattano could perform work that existed in significant numbers in the national economy. *See Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007); *Johnson v. Shalala*, 60 F.3d 1428, 1435-36 (9th Cir. 1995).

**AFFIRMED.**