NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 30 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID L. BELCHER, | No.    14-36005 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-05517-BHS |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted August 21, 2017[**]

Before:    NELSON, TROTT, and SILVERMAN, Circuit Judges.

David Belcher appeals the district court's decision affirming the

Commissioner of Social Security's denial of Belcher's application for

supplemental security income under Title XVI of the Social Security Act. We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ provided specific and legitimate reasons supported by substantial evidence for rejecting Dr. Ogilvie's June 2010 opinion. The opinion was inconsistent with Dr. Ogilvie's own treatment records and clinical findings and with Belcher's daily activities. *Id.* at 1161-62.

The ALJ gave germane reasons supported by substantial evidence for rejecting Ms. Biggerstaff's March 2011 opinion. Ms. Biggerstaff's opinion was inconsistent with medical records and Belcher's activities, and was inadequately explained. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1223-24 (9th Cir. 2010); *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

The ALJ provided several clear and convincing reasons for finding that Belcher's pain and symptom testimony was not credible. Belcher's testimony was inconsistent with the objective medical evidence and his daily activities, and Belcher's neck problems were not linked to a medically determinable impairment. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012); *Ukolov v. Barnhart*, 420 F.3d 1002, 1004-05 (9th Cir. 2005).

The ALJ gave a germane reason supported by substantial evidence for rejecting the lay testimony of Ms. White. Specifically, her testimony was

inconsistent with the medical record.  *See Bayliss*, 427 F.3d at 1218.

The ALJ erred by not specifically asking the Vocational Expert (VE) whether her testimony was consistent with the Dictionary of Occupational Titles (DOT).  *See Massachi v. Astrue*, 486 F.3d 1149, 1152-53 (9th Cir. 2007).  However, the error was harmless because there was no conflict between the VE's testimony and the DOT.  *Id*. at 1153 n.19.

Finally, we decline to remand for the ALJ to consider the new evidence submitted to and considered by the Appeals Council.  The new evidence is part of the record, s*ee Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012), and supports the ALJ's decision.

**AFFIRMED.**