**NOT FOR PUBLICATION**

FILED

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| TRINA RENEE TOWNE, individually and as personal representative, in the place and stead of Ginger Appler Swain, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner Social Security, <br><br> Defendant-Appellee. | No. 15-35752 <br><br> DC No. CV 14-1113 BR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted November 9, 2017[**]
Portland, Oregon

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

Before:     TASHIMA and W. FLETCHER, Circuit Judges, and LASNIK,[***] District Judge.

Appellant Trina Renee Towne ("Towne") appeals the Social Security Commissioner's denial of disability insurance benefits to her late mother, Ginger Appler Swain ("Appler Swain").[1]

Appler Swain was employed for several years as a part-time caregiver. In 2010, after being fired, she applied for social security benefits. Appler Swain alleged a disability based on hand and leg pain stemming from psoriasis and arthritis, among other ailments. Later that year, Appler Swain began another caregiving job.

Appler Swain testified before an Administrative Law Judge ("ALJ") that she could work only part-time due to "severe" hand and hip pain. Appler Swain presented medical evidence of substantial health problems, as well as lay testimony about her limitations at work. A vocational expert ("VE") testified that Appler Swain could not perform her past relevant work, but that a person with her residual

[***]     The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

[1]     Appler Swain, the original appellant, died after briefing, but before submission of the case for decision. Towne was substituted for Appler Swain. Towne may receive Appler Swain's disability insurance benefits, but not her supplemental security income ("SSI"). *See* C.F.R. §§ 404.503(b); 416.542(b). Thus, Appler Swain's SSI claim has become moot. We refer to plaintiff-appellant in this disposition as Appler Swain.

functional capacity ("RFC") could work as a cashier, electronics worker, or storage facility clerk. On that basis, the ALJ concluded that Appler Swain was not disabled and denied benefits. The ALJ also discounted certain medical opinions and lay testimony.

The district court affirmed. Appler Swain appealed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the ALJ's decision for substantial evidence, *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017), and we affirm.

1. The ALJ did not err in discounting the medical opinions of Appler Swain's treating and examining physicians, Drs. Ranton and Nolan. "The ALJ is responsible for determining credibility and resolving conflicts in medical testimony." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Ordinarily, an ALJ must give a treating doctor's opinion more weight. *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010). If a treating or examining doctor's opinion is contradicted, the ALJ may discount it for "specific and legitimate reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "Substantial evidence is . . . more than a mere scintilla but not necessarily a preponderance." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (internal quotation marks and citations omitted). The ALJ's "findings are upheld if supported by inferences reasonably drawn from the record,

3

and if evidence exists to support more than one rational interpretation, we must defer to the [ALJ's] decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 1999) (citations omitted).

The ALJ discounted the opinions of Drs. Ranton and Nolan about Appler Swain's manipulative capacity as inconsistent with Appler Swain's work activities. Although the ALJ seems to have assumed that the physical requirements of Appler Swain's then-current caregiving job resembled those of her previous job, Appler Swain presented no evidence to rebut that assumption. She was fired from her previous caregiving job for interviewing elsewhere. Moreover, Appler Swain affirmed that her then-current job involved "normal care giving duties." The ALJ could infer from that testimony that Appler Swain's job required manipulative activities inconsistent with the opinions of her treating doctors. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1989) ("[T]he [ALJ] is entitled to draw inferences logically flowing from the evidence.").

2.  The ALJ did not err in discounting the opinions of Appler Swain's coworkers. "Lay testimony as to . . . how an impairment affects the claimant's ability to work is competent evidence that the ALJ must take into account." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). An ALJ may discount lay testimony for a "germane reason." *Id.* The ALJ discounted the coworkers'

testimony as inconsistent with the medical evidence, a germane reason. *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001).

**3.** Lastly, the ALJ did not err when examining the VE. If a claimant has non-exertional limitations, the ALJ should rely on a VE's testimony to determine the jobs available to the claimant at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1102 (9th Cir. 1999). Here, the ALJ propounded a hypothetical to the VE that included Appler Swain's limitations. *See id.* at 1101. The VE testified that three types of jobs were available to a person with Appler Swain's RFC. *Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015).

Appler Swain contends the ALJ failed to resolve a conflict between the VE's testimony and the Dictionary of Occupational Titles. If such a conflict exists, the ALJ must ask the expert to explain the discrepancy. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007). In this case, there was no "obvious or apparent" conflict, *Gutierrez v. Colvin*, 844 F.3d 804, 808 (9th Cir. 2016), because the expert's testimony that Appler Swain could perform three light work jobs, was consistent with her RFC of "less than a full range of light work." Moreover, the VE resolved any conflict by explaining that a person could sit or stand at each job, in accordance with Appler Swain's RFC. *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) ("[E]xpert testimony may properly be used to show that the

particular jobs, whether classified as light or sedentary, may be ones that a particular claimant can perform.").

•   ●   •

The judgment of the district court is **AFFIRMED** with respect to the claim for disability insurance benefits.  The appeal is **DISMISSED** with respect to the claim for supplemental security income.