**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 26 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARMEL GUZMAN, | No.   17-35845 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00362-AA |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted February 24, 2020**

Before:  FARRIS, TROTT, and SILVERMAN, Circuit Judges.

Carmel Guzman appeals the district court's decision affirming the

Commissioner of Social Security's decision denying her application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

The Administrative Law Judge (ALJ) accepted Dr. Stradinger's opinion that Guzman had moderate impairments in accepting instructions, interacting with others, and performing work without special instruction. The ALJ correctly interpreted and incorporated these impairments into the RFC by limiting Guzman to simple tasks, simple instructions with an emphasis on demonstration, occasional interaction with the public, and only brief conversations.

Guzman's counsel repeatedly claims that the ALJ "rejected" aspects of Dr. Stradinger's opinions that he believes operate in her favor. He argues that Dr. Stradinger's opinions are contrary to the ALJ's findings, and it was the ALJ's obligation to give reasons for "rejecting Dr. Stradinger's contrary opinions". We disagree.

Counsel made this same strained argument in the district court. After extensive examination of the evidence, the district court rebuffed counsel's characterization of the ALJ's opinion. Judge Aiken said, "In sum, I find no error in the ALJ's treatment of the psychologists' opinions. The ALJ did not reject any portion of either opinion but reasonably translated the restrictions in the opinion to concrete workplace limitations." After conducting a similar examination of the record, we agree unconditionally with Judge Aiken's statements. In fact, the ALJ

gave Dr. Stradinger's opinion "great weight".

The RFC included all limitations supported by substantial evidence in the record. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (affirming the RFC assessment where "the ALJ took into account those limitations for which there was record support.").

Substantial evidence supports the ALJ's Step Five determination. *See Zavalin v. Colvin*, 778 F.3d 842, 846 (9th Cir. 2015) (ALJ may rely on testimony of vocational expert (VE) to support Step Five finding). The ALJ inquired into a conflict between the VE's testimony and the Dictionary of Occupational Titles (DOT) and accepted the VE's explanation that a subset of jobs could be performed by a person with Guzman's RFC and the VE reduced the number of available jobs to account for the limitations in the RFC. *See id.* (where there is a conflict between the VE's testimony and the DOT, the ALJ must ask the VE to explain and determine whether the VE's explanation is reasonable). *See also Massachi v. Astrue*, 486 F.3d 1149, 1153 n.17 (9th Cir. 2007) (explaining that reasonable explanations for an inconsistency between testimony and the DOT include that "the general descriptions in the *Dictionary* may not apply to specific situations."); *Bayliss,* 427 F.3d at 1218 ("A VE's recognized expertise provides the necessary foundation for his or her testimony.").

By failing to raise it before the district court, Guzman forfeited her argument

that the ALJ failed to express the RFC in terms of the exertional categories. *See*

*Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (this court will generally not

consider an issue raised for the first time on appeal).

**AFFIRMED.**